Davis *v*. The State.

---

## DAVIS *v*. THE STATE.

LIQUOR LAW.—*Keeping Disorderly House.*—*Indictment.*—An indictment under section 17 of the act of March 17th, 1875 (Acts 1875, Spec. Sess., 58), for keeping in a disorderly manner a house, etc., wherein intoxicating liquors are sold, which, besides averring that the defendant had a license, does not also aver the place to which his license was applicable, and that that place was kept in a disorderly manner, is bad on motion to quash.

From the Fayette Circuit Court.

*B. F. Claypool* and *W. C. Forrey*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—Indictment for keeping a house, wherein spiritous liquors were sold, in a disorderly manner. The appellant was tried, convicted and fined, and his license adjudged forfeited. He excepted, and appeals to this court.

The charging part of the indictment is as follows :

" That one George M. Davis, late of said county, on the 1st day of June, A. D. 1875, at said county and State aforesaid, and continuously up to the time of making this presentment, he being then and there licensed according to the provisions of an act of the legislature of Indiana, approved

March 17th, A. D. 1875, to sell spiritous and malt liquors in a less quantity than a quart at a time, to be drunk upon the premises where sold, bartered and given away, then and there unlawfully kept a house wherein spiritous, vinous and malt liquors were sold as aforesaid, and drunk upon the premises as aforesaid, in a disorderly manner, in this, that he did suffer and permit divers persons on week days and Sundays, by day and by night, to congregate in and about said house, and make a great noise by yelling, quarrelling, loud talking, fighting, swearing, to the disturbance and annoyance of divers good citizens of said county; contrary," etc.

A motion to quash the indictment was made, overruled, and exception taken; and this ruling presents a material question in the case. The indictment was found under section 17 of the act of March 17th, 1875 (Acts of Special Session, page 58), which enacts that "every place, house, arbor, room or shed, wherein spiritous, vinous or malt liquors are sold, bartered, or given away, or suffered to be drank, if kept in a disorderly manner, shall be deemed a common nuisance, and the keeper thereof, upon conviction, shall forfeit his license and be fined in any sum not less than ten nor more than one hundred dollars."

There is a proviso in this section as to the time the act shall go into force, but it need not be stated, as it does not affect the present case. Section 3 of the act requires the person desiring to obtain license to state in his notice "the precise location of the premises in which he desires to sell;" and the license granted under section 4 can be applicable only to such place. It seems plain, then, as the forfeiture of the license must be a part of the penalty, that the indictment should aver the license, and the place to which it is applicable, and that the place, house, arbor, room, or shed, was kept in a disorderly manner; otherwise, as the license is not general, but applicable to a "precise location," the court could not adjudge what license was forfeited; and a defendant might be fined, and forfeit his license applicable to some "precise location" which was kept in an orderly

manner by keeping some other house in a disorderly manner. The legislature certainly did not contemplate such consequences when they enacted the law, and a construction of the act that would lead to such results, we think, would be unwarranted.

If we are right in this view, the indictment, as it does not aver the place to which the appellant's license was applicable, and that that place was kept in a disorderly manner, is insufficient.

There are other points made in the record, but as they are not likely to occur in the same manner on another trial, we do not decide them.

The judgment is reversed; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings according to this opinion.