MARY V. AYERS, as Administratrix, etc., Respondent, *v.* DOMINICK DIXON, Appellant.

A., plaintiff's intestate, in his life-time, sold for the sum of $6,000, to defendant, an undivided one-half of certain premises, upon which was a mortgage of $4,000. The purchase price was agreed to be paid, $3,000 in cash, and the balance by assuming to pay three-fourths of the mortgage; this was stated in the deed, and A. conveyed "free from all incumbrances except the said $4,000 mortgage." Defendant did not pay his proportion of the mortgage, which was foreclosed and the mortgaged premises sold. In an action, among other things, to recover $3,000, the three-fourths of the mortgage assumed — as so much of the purchase price unpaid. *Held*, that by the agreement as well as the provision of the deed, the cash payment and the promise to pay three-fourths of the mortgage were the full consideration for the conveyance, and there was no longer an indebtedness on that account; that defendant became liable to.the holder of the mortgage for so much of it as he had assumed to pay, but this was not a liability to his grantor, and the action therefore was not maintainable.

*It seems*, that upon delivery and acceptance of the deed, defendant, as to three-fourths of the mortgage became the principal debtor, and A. his surety, and in case of payment by the latter of the amount so assumed

he would have been entitled to subrogation to the rights of the mort-
gagee, and for the amount paid, whether voluntarily or by compulsion,
could have maintained an action against defendant.

But *held*, that the plaintiff could in no event have recovered, as A. died
before any action accrued against defendant, and the land descended to
the heirs, who, standing in the place of A., were the ones injured by
the breach of defendant's covenant, and were entitled to the benefit
thereof.

(Argued September 22, 1879 ; decided September 30, 1879.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, modifying
and affirming as modified, a judgment in favor of plaintiff,
entered upon the report of a referee.

The nature of the action and the facts are set forth suf-
ficiently in the opinion.

*Charles Bradshaw*, for appellant.    Plaintiff failed to make
out a case for a breach of covenant to pay money.    (*Halsey*
v. *Reed*, 9 Paige, 446, 451; *Garnsey* v. *Rogers*, 47 N. Y.,
241.)    No case for breach of covenant of indemnity was made
out.    (*Marsh* v. *Pike et al.*, 10 Paige, 595; *Beers* v. *Shan-
non*, 73 N. Y., 305; *Halsey* v. *Reed*, 9 Paige, 446; *Garnsey*
v. *Rogers*, 47 N. Y., 241; *Cumberland* v. *Codrington*, 3 Johns.
Ch., 257; *Calvo* v. *Davies*, 73 N. Y., 215.)    No case was
made for a recovery of damages for loss of land caused by
the wrong act or default of defendant.    (*Cornell* v. *Pres-
cott*, 2 Barb., 16.)    Defendant was not shown to be liable
as a surviving partner.    (*Fairchild* v. *Fairchild*, 64 N. Y.,
471.)    Defendant, if entitled to any damages for his eviction
by the foreclosure, should have had $3,000.    (*Cowdrey* v.
*Coit*, 44 N. Y., 389; *Baldwin* v. *Munn*, 2 Wend., 405;
*Dimmick* v. *Lockwood*, 10 id., 142; *Bennet* v. *Jenkins*, 13
J. R., 50; Sedg. on Damages [4th ed.], 186; *Truman* v.
*Elmore*, 2 Nott & McCord, 189.)

*J. A. Shoudy*, for respondent.    The breach by defendant
of his covenant to pay three-fourths of the mortgage as part
of the consideration gave an immediate right of action for

damages for that amount. (*Rector, etc.* v. *Higgins*, 48 N. Y., 536.) The covenant for quiet enjoyment entitles the defendant to no greater measure of damages than if it was simply against incumbrances. (*Grant* v. *Tallman*, 20 N. Y., 191; *Dimmick* v. *Lockwood*, 10 Wend., 156; *Winslow* v. *McCall*, 32 Barb., 241; *Tufts* v. *Adams*, 8 Pick., 549; *White* v. *Whitney*, 3 Metc., 81; *Donahoe* v. *Emery*, 9 id., 63; *Furniss* v. *Dargin*, 119 Mass., 500; *Guthrue* v. *Russell*, 46 Iowa, 269; *McClelland* v. *Moore*, 48 Texas, 357; *Morris* v. *Phelps*, 5 J. R., 49; *Guthrie* v. *Pugsley*, 12 id., 126; *Wager* v. *Schuyler*, 1 Wend., 553.) The damages should be a just compensation for the injury sustained, excluding all speculative and consequential damages which cannot be presumed to have entered into the contemplation of the parties. (*Hamilton* v. *McPherson*, 28 N. Y., 72; *Milton* v. *Hudson R. R. R. Co.*, 37 id., 214; *Baker* v. *Drake*, 53 id., 211.) Defendant being a co-tenant was bound to protect and secure the common interest and any outstanding title bought in by him would have inured to the common benefit. (*Van Horne* v. *Fonda*, 5 Johns. Ch., 407; *Baker* v. *Whitney*, 3 Sumn., 485.) Defendant without proof of an eviction under his admission that he has paid nothing is entitled to no damages. (Sedg. on Damages, 158; *Waldron* v. *McCarty*, 3 J. R., 471; *Bk. of Utica* v. *Mesereau*, 3 Barb. Chy., 528; *Shattuck* v. *Lamb*, 65 N. Y., 504; *Kent* v. *Welch*, 7 J. R., 258; *Wood* v. *Farncrook*, 3 Th. & C., 303.) The covenant in the deed should be construed in connection with the contract in pursuance of which the deed was given, and not to include a covenant as against the mortgage in question. (*Morris* v. *Whetcher*, 20 N. Y., 41.)

DANFORTH, J. The plaintiff's case rests on certain allegations of fact:

First. That on the 10th of January, 1876, one Read executed a mortgage to Vaughn of $4,000, upon premises in Aiken, South Carolina, afterwards owned by Eleazer Ayers, and he on the 29th day of September, 1876, in

consideration of one dollar, paid to him, agreed to sell an undivided one-half part thereof to the defendant Dixon, "for the sum of six thousand dollars," "which," as the agreement states, Dixon "agrees to pay and deliver" to Ayers as follows : "Three thousand dollars at the time of the delivery of the deed of the said premises, and an agreement by Dixon to assume and pay three-fourths of the Read mortgage with interest at the rate of seven per cent per annum from the day of the delivery of the deed," and Ayers agreed "that on receiving said payment," he would execute and deliver to Dixon, or "to his assigns, a good and sufficient deed containing a general warranty, and the usual full covenants for the conveying and assuring to him or them, the fee simple of said premises free from all incumbrance except the said $4,000 mortgage," the deed to be delivered, and purchase money paid on or before the 14th day of October, 1876. This agreement was in writing executed by both parties. Subsequently, but not until December 19, 1876, Ayers and wife executed a deed of an undivided one-half of the Aiken premises to Dixon, "in consideration" as is therein recited "of the sum of six thousand dollars, of which amount three thousand dollars is paid in cash and the balance by Dixon assuming to pay three-fourths of the mortgage above described." On the 9th of May, 1877, Ayers died, and the plaintiff was appointed administratrix of his estate. It is no where stated when the mortgage was payable, or whether by installments or otherwise, but the referee finds "that the defendant never paid the said three-fourths part of the mortgage, nor any part of the interest thereon, and it was on the 1st day of April, 1878, foreclosed for non-payment, and the premises sold under such foreclosure, for the sum of five thousand dollars."

Second. At the time of the execution of the deed, Ayers and the defendant agreed to make certain improvements upon the premises by erecting buildings, and supplying the same with furniture and fixtures. That some of the per-

sonal property was also sold at the time of the foreclosure and from the proceeds of the real and personal property the defendant received $809.68.

Third. That certain goods bought by the intestate on account of himself and the defendant amounted to $140. From these premises the referee found in favor of the plaintiff, 1st, $3,000 as " the part of the mortgage assumed by the defendant, less $1,000 of said mortgage which the intestate was liable to pay with interest, adding interest on the balance from the time of the sale April 1, 1878. · 2d, $404.50 being one-half of the surplus received by the defendant on the sale, and 3d, $70 as one-half of the $140 paid by Ayers for goods ; and judgment was entered accordingly. Upon appeal to the General Term the judgment was modified by deducting the $404.50 and interest, upon the ground as stated in the opinion of that court " that the proceeds of the real estate belonged to the heirs, and there was no evidence by which the proceeds of the personal property could be separated from the sum charged." This modification is acquiesced in by the plaintiff.

The item of $70, was properly charged to the defendant for it was on the evidence, one-half of an expenditure made by the intestate on joint account, and as to it the judgment should be affirmed ; but as to the other, and more important item, I do not think the judgment can be sustained.

By virtue of the express covenant in the agreement of September, as well as the provision in the deed itself, the defendant became liable to the holder of the mortgage for so much of it as he had assumed to pay, but this was not a liability to his grantor. The $3,000 in cash, and the promise of the defendant to pay $3,000, on the mortgage, was the full consideration for the conveyance ; there was no longer an indebtedness on that account. This accords with the evident intention of the parties, and the express language of the agreement, and the deed above set out. There was not, as the learned counsel for the respondent claims, " a promise to pay the intestate $6,000 for the land, with the

privilege of paying $3,000 of it upon the mortgage." There was no alternative obligation. The promise to pay three-fourths of the mortgage, and the payment of $3,000 was all the intestate was to receive. He received the money and the promise. The plaintiff assumes that "$3,000 of the consideration was unpaid," and for its recovery this action was brought. If that view is tenable the intestate in his life-time might have sued, and as no time is mentioned for the payment of the $3,000, might have sued instantly, on the delivery of the deed. On the plaintiff's theory he would have recovered. Then the defendant would have paid in cash the $6,000, and remained the owner of the undivided half of the premises subject to a mortgage of $4,000, and as he had by accepting the deed assumed to pay three-fourths of it, he would be still liable to an action by its holder for that amount, for upon that promise the mortgagee could sue, and recover in his own name. (*Burr* v. *Beers*, 24 N. Y., 178; *Thorp* v. *The Keokuk Coal Co.*, 48 id., 253.) Such a result cannot be reached by any fair construction of the agreement. (*Halsey* v. *Reed*, 9 Paige, 445.) The defendant was liable for so much of the mortgage debt as he assumed, but he owed the intestate nothing, and could not have been successfully prosecuted by him as upon a promise to pay the consideration money.

But it by no means follows that the intestate was without rights as against the defendant or without remedies for their enforcement. Upon the delivery and acceptance of the deed, the defendant as to three-fourths of the mortgage became the principal debtor, and the intestate, or grantor his surety, for payment of three-fourths of the mortgage debt. If therefore he paid the amount assumed by the defendant, he would be entitled to subrogation to the rights of the mortgagee, or in case of a foreclosure could require the mortgage to be paid out of that portion of the premises conveyed to the defendant, and for the amount paid voluntarily or on compulsion, could obtain satisfaction by suit against the defendant. It is needless to say that such a

case is not made out by the complaint, nor has the recovery been had upon any such theory. Nor could the plaintiff in any event recover. The grantor (the intestate) died before any action accrued against the defendant, and the premises in question descended to his heirs. They were the parties concerned at the time of the foreclosure. They held the land subject to the mortgage, a part of which the defendant had undertaken to pay; and were as between themselves and the plaintiff bound to pay it. (1 R. S., 749, § 4.) The defendant's covenant was not for the benefit of his grantor alone, but for the protection of all who derived their title to the land through him. Three-fourths of the mortgage was chargeable upon defendant's share, and, if possible, to be paid therefrom. The heirs therefore standing in the place of the grantor are the ones injured by the breach of the defendant's covenant, and as they bear the burden of the mortgage are entitled to the benefit of the security which that covenant affords. It relates to the land and passed with it to them.

It follows therefore that as to the item under consideration, the plaintiff has no cause of action.

The judgment should be reversed, and a new trial granted with costs to abide the event, unless the plaintiff stipulates to reduce the judgment, so that it shall stand for $70, and interest thereon from May 9, 1877, and no more, without costs, in which event it is affirmed for that amount without costs to either party.

All concur.

Judgment accordingly.