## O'KANE v. STATE.

CONSTITUTIONAL LAW.—*Liquor Law of* 1875.—Section 17 of the liquor law of March 17th, 1875, 1 R. S. 1876, p. 872, providing that, where the house where spiritous liquors are sold is kept in a disorderly manner, it shall be deemed a nuisance and work a forfeiture of license, etc., is constitutional.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor*, for appellant.

*T. W. Woollen*, Attorney General, and *A. F. Ayres*, for the State.

BIDDLE, J.—The appellant was indicted for a nuisance in keeping a house in a disorderly manner, wherein spiritous liquors were sold. The indictment is founded on section 17 of the act of March 17th, 1875, 1 R. S. 1876, p. 872. Plea; trial; conviction; punishment, forfeiture of license and fine. Appeal.

The only question the counsel for appellant discuss in their brief is the constitutionality of the section upon which the indictment is based. They insist that the title of the act does not include the subject-matter of a nuisance. It includes the regulation and licensing of the sale of intoxicating liquors, and the prescription of penalties for the violation of the act; and the act declares that a house wherein spiritous liquors are sold, if kept in a disorderly manner, shall be deemed a common nuisance, and makes the forfeiture of license and a fine the penalties of the offence. This brings it clearly within the title of the act. But we have deliberately, upon full consideration, settled the question in the case of *Fletcher* v. *The State*, 54 Ind. 462, to which we refer. The following cases also uphold the constitutionality of section 17, although the question was not directly raised therein. *Davis* v. *The State*, 52 Ind. 488; *Collins* v. *The State*, 58 Ind. 5; *Swigart* v. *The State*, 67 Ind. 287. The question must be regarded as settled.

The judgment is affirmed, at the costs of appellant.