LAUREN C. WOODRUFF, RESPONDENT, *v.* THE ERIE RAIL-WAY COMPANY, HUGH J. JEWETT, RECEIVER, ETC., AND OTHERS, APPELLANTS.

*Railroad corporation — it cannot lease its road to an individual — when a lessee is estopped from setting up the invalidity of his lease — by whom an action upon a covenant must be brought.*

A railroad corporation has no power, under the laws of this State, to lease to an individual its entire road, properties and franchises for the full unexpired term of its charter.

*It seems,* however, that when such a lease has been in fact executed and the lessee has, with the consent of the lessor, entered into and had possession of the railroad, he is estopped from setting up the invalidity of the lease as a defense to a claim by the lessor for compensation for the use of the road.

The plaintiff, upon the execution to him of such a lease by the Erie and Genesee Valley Railroad Company, agreed with it to pay or provide for the renewal of certain bonds issued by it, and secured by a mortgage executed to three trustees, and also to pay the interest coupons on the said bonds as they matured at a bank in New York city. Thereafter the plaintiff transferred the said lease to the Erie Railway Company, which entered into the possession of and ran the said road. In an action by the plaintiff against the said Erie Railway Company and its receiver to compel the payment of the coupons due and to become due on said bonds:

*Held,* that as the lease to the plaintiff was void, and as his covenant to pay the bonds and the coupons to become due thereon was invalid, the defendant was not estopped as against him in this action from setting up the invalidity of the lease.

That even if the lease was valid the plaintiff could not maintain the action without showing that he had paid the bonds or the coupons, or some of them. In the absence of such payments an action could only be maintained by the holders of the bonds or the trustees of the mortgage.

APPEAL from an interlocutory judgment, entered upon the trial of this action by the court at Special Term.

*Sprague, Milburn & Sprague,* for the appellants.   *E. C. Sprague,* of counsel.

*J. A. Vanderlip,* for the respondent.

SMITH, J.:

This is an appeal taken by the defendants, The Erie Railway Company and Hugh J. Jewett, receiver of the said company, from an interlocutory judgment, rendered at the Erie Special Term, ordering the defendant Jewett, as such receiver, to pay the interest due and to become due upon certain mortgage bonds of the Erie and Genesee Valley Railroad Company, from any funds in his hands applicable to the payment thereof, to be ascertained upon an accounting before a referee as ordered by said judgment.

The case is this: On the 1st day of November, 1871, the officers of the Erie and Genesee Valley Railroad Company, a corporation organized under the laws of this State (with the subsequent assent of the stockholders of said company) executed a writing purporting to be a lease to the plaintiff of the railroad of the said company, and all the rights, easements, powers and privileges pertaining thereto, for the full unexpired term of the charter of the said company, and the plaintiff, in consideration thereof, agreed to pay certain bonds (or provide for their renewal) theretofore issued by the said company, for the sum of $120,000, payable in July, 1886, secured by a mortgage or trust deed executed to three trustees, of whom the plaintiff was one, and also to pay the interest coupons on said bonds as they matured, on the first day of January and July in each year, at the Metropolitan Bank in the city of New York, and also within two years to extend and complete the said railroad from Dansville to a connection with the Erie Railway or one of its branches. On the 8th of November, 1871, the plaintiff, by an agreement in writing, transferred all his interest in the said Erie and Genesee Valley Railroad to the Erie Railway Company, a corporation duly organized under the laws of this State, which latter company assumed to perform the covenants of the plaintiff with the Erie and Genesee Valley Railroad Company. Immediately upon the execution of the contract between the plaintiff and the Erie and Genesee Valley Railroad Company, the plaintiff took possession of the road and all the property of that

company, and immediately on the execution of the contract between the plaintiff and the Erie Railway Company, the latter company took possession of said road under and in pursuance of said contract, and operated it and paid the interest on said bonds, by way of rent, up to and including the coupons maturing in January, 1875. On the 26th of May, 1875, the defendant, Jewett, was appointed receiver of the Erie Railway Company by an order of this court, in a suit commenced against it by the people of the State of New York, and on the same day he took possession of the property of said Erie Railway Company, including the road of the said Erie and Genesee Valley Railroad Company, and operated it, as such receiver, until the 24th of April, 1878; and on the 15th of June, 1875, the said Jewett was also appointed receiver of the said Erie Railway Company in two several actions in which the Farmers' Loan and Trust Company and J. C. Bancroft Davis, defendants herein, were plaintiffs, respectively, as trustees under several mortgages or trust deeds executed by the said Erie Railway Company. On the 24th of April, 1878, the property and franchises of the Erie Railway Company were sold under the foreclosure of the mortgage held by the Farmers' Loan and Trust Company, which sale has been confirmed by this court. After the appointment of the receiver, no different agreement was made between the plaintiff and said receiver in relation to occupying and operating the Erie and Genesee Valley railroad. The Erie and Genesee Valley railroad has not been completed to a connection with the Erie railway or any of its branches. The claim for a decree for the specific performance of that part of the contract, or damages for its non-performance, has been waived by the plaintiff on account of the insolvency and dissolution of the Erie Railway Company. The said receiver has refused and neglected to pay the interest accruing on the said bonds since the 1st day of January, 1875, although the plaintiff has demanded payment thereof. On the 1st day of May, 1876, the said receiver was advised by counsel that the Erie and Genesee Valley Railroad Company had no power to make said lease to the plaintiff, and that the plaintiff was not capable of receiving the same or the property and franchises therein mentioned, and that he could not transfer the same to the Erie Railway Company; and on or about the same day the receiver communicated the said opinion to

the plaintiff, and from that time insisted that he, Jewett, was not liable under said contract.

The trial court held as matter of law that the action was properly brought by the plaintiff to protect himself against his liability upon his contract with the Erie and Genesee Valley Railroad Company; that the last mentioned contract, and also that between the plaintiff and the Erie Railway Company, were valid and obligatory upon the parties; that it was the duty of the receiver of the Erie Railway Company, under the several orders appointing him such receiver, to pay the interest upon the said bonds of the Erie and Genesee Valley Railroad Company by way of rent for the use of the road of said company, as such interest accrued, from any money coming into his hands applicable to the payment of rents under said orders; that if the contract between the plaintiff and the Erie and Genesee Valley Railroad Company were invalid by reason of the want of power in said company to make such contract, yet it having been fully executed by said company, the plaintiff is estopped from asserting such want of power; and he having fully performed his contract with the Erie Railway Company the defendants in this action are estopped from setting up such want of power as a defense to this action, and that the plaintiff is entitled to the judgment herein above stated.

We are of the opinion that the lease from the Erie and Genesee Valley Railroad Company to Woodruff was void for want of power. It was an attempt by a railroad corporation to transfer to an individual its entire road, properties and franchises for the full unexpired term of its charter. There is no statute in this State authorizing such a transfer. The extent to which the legislature has gone in that direction is to permit one railroad corporation to lease its road to another railroad corporation. That power was given by chapter 218 of the Laws of 1839. The statute referred to, although passed when railroad companies were chartered by special act only, is doubtless applicable to corporations formed under the general acts of 1848 and 1850. It is so recognized by several later enactments. (See Laws 1855, chap. 302; Laws 1864, chap. 582; Laws 1867, chap. 254; Laws 1869, chaps. 237 and 844.) But none of those acts enlarge the power, either expressly or by necessary implication, so as to permit a railroad corporation to lease its

road to an individual. The second section of chapter 582 of the Laws of 1864 contains language from which the respondents contend that the power to lease to individuals is to be implied. It provides that " when the railroad of any railroad corporation shall be leased to any other railroad company, or to any *person* or *persons*, such lessees shall maintain fences," etc. It has been held recently by the Court of Appeals that the clause in question does not confer power to lease, but applies only when such power has been conferred. (*Abbott* v. *R. R. Co.*, 80 N. Y., 27.) And the same case distinctly holds that a railroad corporation organized under the general railroad act has no authority, without the consent of the legislature, to lease its road to an individual.

The lease from the Erie and Genesee Valley Railroad Company to Woodruff therefore being *ultra vires*, it follows that the lease from him to the Erie Railway Company was void, he having no interest in the railroad which he could transfer, and the covenants of the Erie Railway Company therein contained were void for want of consideration, and so far as the contract remains unexecuted neither party can enforce it against the other.

But it has been executed in part, and the Erie Railway Company and the receiver having had possession of the railroad of the Erie and Genesee Valley Railroad Company, with the consent of the latter company, would be estopped from setting up the invalidity of the lease as a defense to a claim by the latter company for compensation for the use of the road. (*The Whitney Arms Company* v. *Barlow and others*, 63 N. Y., 62, and cases there cited by ALLEN, J.)

But it is difficult to see upon what ground the plaintiff Woodruff can invoke such estoppel. The defendants have not had the use of his property. He has parted with nothing thus far, and if he fails in this action he will suffer no wrong at the hands of the defendants. The lease to him being void, his covenant to pay the bonds of the Erie and Genesee Valley Railroad Company is of no binding force. At the most he is only liable to pay for the use of the road during the few days while he had possession of it.

Even if the leases were valid the plaintiff could not maintain this action to compel the Erie Railway Company and its receiver to pay the mortgage bonds or the interest on them. Such action could be maintained only by the holders of the bonds or the trustees of the

mortgage. As between the plaintiff and the Erie Railway Company (had the leases been valid) the latter would have become the principal debtor and the plaintiff its surety, and in case of payment by the plaintiff of the debt so assumed, he would have been entitled to subrogation to the rights of the bondholders or of the mortgagees, and for the amount paid he could have maintained an action against his principal. (*Marsh* v. *Pike*, 10 Paige, 595; *Ayers* v. *Dixon*, 78 N. Y., 318.) But the plaintiff has paid nothing. He does not ask even that anything be paid to him, but only that the appellants be required to pay into the Metropolitan National Bank a sum sufficient to meet the interest, for the use of the holders of the bonds, a species of relief to which he is not entitled, and which the holders of the bonds or the mortgage trustees alone can enforce.

The judgment should be reversed and a new trial ordered, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.