Kane *et al. v.* The State, *ex rel.* Woods.

---◆---

No. 8215.

KANE ET AL. *v.* THE STATE, EX REL. WOODS.

INTOXICATING LIQUORS.—*Constitutional Law.*—*License to Sell.*—*Bond.*—So much of section 4 of the act of March 17th, 1875, regulating and licensing the sale of intoxicating liquors (1 R. S. 1876, p. 870), as requires the applicant for such license to give bond to the State of Indiana, conditioned, among other things, that he will pay all fines and costs that may be assessed against him for any violations of the provisions of said act, is matter properly connected with the subject of the act, and is, therefore, a constitutional and valid provision.

SAME.—*Licensee's Bond.*—*Fines and Costs.*—*Rights of Replevin Bail.*—*Subrogation.*—Where fines and costs have been assessed against one licensed to sell intoxicating liquors, for violations of the provisions of said act, and his replevin bail has been compelled to pay and has paid such fines and costs, such replevin bail may be subrogated to the rights of the State in such licensee's bond, and may recover thereon from the licensee and his sureties in such bond the amount so paid by such replevin bail, with interest and costs.

From the Fayette Circuit Court.

*W. C. Forrey* and *R. A. Durnan,* for appellants.
*R. Conner,* for appellee.

Howk, J.—In this case the only error assigned by the appellants, the defendants below, is the decision of the circuit court in overruling their demurrer, for the want of sufficient facts, to the complaint of the appellee's relator.

The suit was commenced before a justice of the peace of Fayette county, by the appellee's relator against John Collins and the appellants, John Kane and Martin Hogan, as defendants. On the trial of the cause, the justice gave judgment against the defendants, from which they appealed to the circuit court. The cause was there tried by the court, and a finding was made for the appellee's relator, and judgment was rendered accordingly; and from this judgment the said Kane and Hogan only have appealed to this court.

In his complaint the appellee's relator alleged, in substance, that the said John Collins, on the 7th day of March, 1877, applied to the board of commissioners of Fayette county, Indiana, for a license to sell intoxicating liquors in less quantities than a quart at a time, to be drank on the premises in said county; that on the 10th day of March, 1877, the said John Collins and the appellants filed their bond with the auditor of said county, said Collins as principal and appellants as his sureties therein, payable to the State of Indiana in the penal sum of $2,000, and conditioned that the said John Collins should keep an orderly and peaceable house, and should pay all fines and costs that might be assessed against him, for any violation of the provisions of an act to regulate the sale of intoxicating liquors, etc., approved March 17th, 1875, and that he would pay all judgments that might be assessed against him for civil damages for unlawful sales under said act—a copy of which bond was filed with and made part of said complaint; that said bond was accepted and approved by the auditor of said county, on the 10th day of March, 1877, and thereupon license was issued to said John Collins, for a term of one year from the 7th day of March, 1877, authorizing him to sell intoxicating liquors, according to the provisions of said act, during one year; that

said John Collins had broken the condition of said bond, in this, that on the 2d day of November, 1877, he was convicted by said Fayette Circuit Court of selling intoxicating liquors to a minor, in four cases, in August, 1877, as would appear from Order Book No. 7 of said court, said Collins at the time selling under said license and bond; that the aggregate amount of said fines and costs was $143.94, a bill of particulars of which was filed therewith and made part thereof; that, at the request of said John Collins, the appellee's relator acknowledged himself replevin bail for the stay of execution of said fines and costs, in open court; that the said John Collins failed to pay said fines and costs, at the time said stay expired, and that the said relator was compelled to pay the same, to his great damage in the sum of $190. Wherefore, etc.

It will be readily seen, from the allegations of this complaint, that the bond described therein was executed under and pursuant to the provisions of section 4 of " An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," approved March 17th, 1875. We set out so much of this section as relates to the bond, as follows:

" Sec. 4. The board of county commissioners at such term shall grant a license to such applicant upon his giving bond to the State of Indiana, with at least two freehold sureties, resident within said county, to be approved by the county auditor, in the sum of $2,000, conditioned that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act, and for the payment of all judgments for civil damages growing out of unlawful sales, as provided for in this act, which bond shall be filed with the auditor of said county." 1 R. S. 1876, p. 870.

The first point made in argument by the appellants' counsel, in their brief of this cause, is, that so much of said section 4 as requires that the bond of the licensee shall be conditioned " that he will pay all fines and costs that may be

.assessed against him for any violations of the provisions of this act," is unconstitutional and void, for the reason that this requirement or provision of the statute is not expressed or contemplated in the title of the act, and is, therefore, in direct violation of the mandate, in section 19, of article 4, of the Constitution of 1851, to the effect that the subject of every .act shall be expressed in its title. This point does not seem to us to be well taken. The constitutional provision referred to only requires that the subject of the act shall be expressed in its title. Certainly it does not require, as the appellants' ·counsel seem to think it does, that all matters properly connected with the subject of the act should also be expressed in the title thereof. In this case, the subject of the act under ·consideration was the regulation and license of the sale of intoxicating liquors, and this subject was clearly and explicitly expressed in the title of the act. It was not necessary that the title of the act should go further and contain an expression, or even an indication, of the various regulations and requirements of the statute, with which the applicant must comply before he would be entitled to· or could obtain the license sought for. Any other construction of section 19, of article 4, of the Constitution of 1851, than the one here given, would render it necessary that the title of an act should be almost as full and explicit in its details as the act itself. Such a construction would burthen the statute books with titles long drawn out, which, practically, would be of little or no benefit to any one. We are of the opinion that the title of the 'temperance law of March 17th, 1875, sufficiently expressed the subject of the act, and that the provision of section 4 of said act, requiring the bond of the licensee to be ·conditioned, *inter alia,* "that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act," was not unconstitutional and void by reason of any omission or defect in the title of the act. *The State, ex rel.,* v. *The Board, etc.,* 26 Ind. 522; *McCaslin* v. *The State, ex rel.,* 44 Ind. 151; *The State, ex rel.,* v. *Tucker,*

46 Ind. 355; *Fletcher* v. *The State*, 54 Ind. 462; *O'Kane* v. *The State*, 69 Ind. 183; *Shipley* v. *The City of Terre Haute*, 74 Ind. 297.

The only other question presented and discussed by the appellants' counsel, in this case, relates to the claim of the relator, that he, having paid as replevin bail the fines and costs assessed against the said John Collins, was entitled to be subrogated to the rights of the State of Indiana in the bond in suit, in so far as the said bond had been given to secure the payment of all fines and costs that might be assessed against said Collins for his violations of the provisions of the said act of March 17th, 1875. In section 131 of the criminal code of 1852, it is provided that "Every defendant in a criminal action against whom a judgment has been rendered, may stay the execution for the fine assessed and costs for ninety days from the rendition of the judgment, by entering replevin bail in like manner as is provided in civil actions; the entry of replevin bail has the same force as in civil actions." 2 R. S. 1876, p. 407. This section was re-enacted as section 285, of the criminal code of 1881, and is known as section 1860 of the "Revised Statutes of Indiana, 1881."

In section 676, of the civil code of 1852, it is provided, *inter alia*, that when any replevin bail, "or any person being surety in any undertaking whatever, has been or shall be compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship," the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail, surety or other person making such payment, and, after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use. 2 R. S. 1876, p. 279. This section is also re-enacted, as section 740. of the civil code of 1881, and is now known as section 1214 of the "Revised Statutes of Indiana, 1881."

Of this right of subrogation, it was said by the Chancellor, in *Eddy* v. *Traver*, 6 Paige, 521: "It is an established prin-

ciple of equity that sureties, or those who stand in the situation of sureties, for those who pay a debt for them, are entitled to stand in the place of the creditor, or to be subrogated to all his rights as to any fund, lien or equity which he may have against any other person or property on account of the debt." So, also, in *Jones* v. *Tincher*, 15 Ind. 308, it was said by this court: "It may, however, be noted that the surety, having been compelled to pay the judgment, may be subrogated to the plaintiff's rights under the mortgage." Again, in 1 White & Tudor's Lead. Cases in Equity, 4th Am. ed., p. 136, this equitable doctrine of subrogation is thus declared: "More-over, as soon as the surety has paid the debt, an equity arises in his favor to have all the securities, original and collateral, which the creditor holds against the person or property of the principal debtor, transferred to him, and to avail himself of them as fully as the creditor could have done: for the purpose of obtaining indemnity from the principal, he is considered as at once subrogated to all the rights, remedies and securities of the creditor; as substituted in the place of the creditor, and entitled to enforce all his liens, priorities, and means of pay-ment, as against the principal, and to have the benefit even of securities that were given without his knowledge." The doc-trine of subrogation and the rights of sureties, as here declared, were quoted with approval and acted upon by this court in the recent case of *Gerber* v. *Sharp*, 72 Ind. 553.

The question remains, and this is the important and con-trolling question in this suit, namely, Is the doctrine of sub-rogation applicable to the case made by the allegations of the relator's complaint? It will be seen from the summary of the complaint heretofore given, that the said John Collins, in four different cases, had been convicted, in the Fayette Circuit Court, for violations of the provisions of the temperance act of March 17th, 1875, during the year covered by his said license and the bond now in suit; that, upon these convic-tions, judgments had been rendered by said court against the said Collins for fines and costs, amounting in the aggregate to

the sum of $143.94; that the appellee's relator had, in due form of law, acknowledged himself replevin bail for the payment of each of the said judgments, at or before the expiration of the time allowed by law for the stay of execution thereon; and that the said John Collins, having failed to pay the said several judgments, at the expiration of the stay of execution thereon, the relator had been compelled to pay, and had paid, as such replevin bail, the amounts due on said judgments and costs. The relator's complaint shows upon its face that when the said John Collins committed the said violations of the provisions of the temperance act of March 17th, 1875, and when he was convicted thereof and adjudged by the court below to pay such fines and costs, on account of such violations of the law, and when, at the request of said Collins, the said relator acknowledged himself replevin bail for the payment of said judgments, the State of Indiana, the judgment creditor, had possession of the bond now in suit as the primary security for the payment of said judgments and costs, wherein the said John Collins, as principal, and the appellants as his sureties, had bound themselves, that he, the said Collins, " will pay all the fines and costs that may be assessed against him for any violations of the provisions " of said temperance law. It is very clear that the State, upon the default of said Collins in the payment of said fines and costs, might have compelled him and the appellants, as his sureties, in a suit on said bond, to pay such fines and costs. The appellee's relator having become, in due course of law and at the request of said Collins, his replevin bail for the payment of the judgments rendered for said fines and costs, and having been compelled to pay and having paid, as such replevin bail, the said several judgments for said fines and costs, we know of no possible reason why the relator should not be permitted to avail himself of the equitable doctrine of subrogation, and should not be subrogated to all the rights of the State of Indiana, the judgment creditor, in the bond primarily given by the said Collins to secure the payment of all fines and costs that might

be assessed against him for any violations of the provisions of the said temperance law.

Our conclusion is, that the relator's complaint stated facts sufficient to constitute a cause of action, and that the demurrer thereto was correctly overruled. *United States* v. *Hunter*, 5 Mason, 62; *Hunter* v. *The United States*, 5 Peters, 172.

The judgment is affirmed, at the appellants' costs.