No. 9977.

## BRUBAKER v. THE STATE.

INTOXICATING LIQUOR.—*Keeping Place where Sold, in Disorderly Manner.— Nuisance.—Proof of.—License to Sell.*—In a prosecution under section 17, act of 1875, 1 R. S. 1876, p. 869, for keeping a liquor shop in a disorderly manner, where the information alleges that the defendant was licensed, proof of the license is necessary to conviction.

From the Huntington Circuit Court.

*B. M. Cobb* and *B. F. Ibach*, for appellant.

*D. P. Baldwin*, Attorney General, *C. W. Watkins*, Prosecuting Attorney, *M. L. Spencer* and *W. H. Trammel*, for the State.

ZOLLARS, J.—Appellant was tried and convicted under the seventeenth section of the act of March 17th, 1875, 1 R. S. 1876, p. 869.

That section provides, that " Every place, house, arbor, room or shed, wherein spiritous, vinous or malt liquors are sold, bartered, or given away, or suffered to be drank, if kept in a disorderly manner, shall be deemed a common nuisance, and the keeper thereof, upon conviction, shall forfeit his license and be fined in any sum not less than ten nor more than one hundred dollars," etc.

The affidavit, which the information followed substantially in its statements, and upon which it is based, is as follows, omitting the caption:

"Charles H. Willets, being duly sworn, on his oath says, that one Thomas Brubaker, on the 22d day of July, 1881, at said county and State aforesaid, did then and there, and on divers other days and times from said time continuously up to the time of making this presentment, he being then and there during all of said times licensed to sell spiritous, vinous and malt liquors in less quantities than a quart at a time, to be drank on the premises where so sold, bargained and given away in a certain saloon building then and there situate, more particularly described as follows: the building on lot number 18, in Snowden's addition to the town of Antioch, in Huntington county, Indiana, according to the provisions of an act of the Legislature of said State, approved March 17th, 1875, did then and there, during all of said times, unlawfully keep said house where spiritous, vinous and malt liquors were sold as aforesaid to be drank, and which were drank, in said house and upon the appurtenances thereto belonging, in manner as aforesaid, in a disorderly manner, by then and there, during said times, unlawfully suffering and permitting divers persons on week days, and by day and night, to congregate in and about said house, and then and there make a great noise and disturbance by yelling, quarrelling, boisterous talking, fighting, swearing and drunken rows, and did then and there, during said times, and thereby maintain a common nuisance, to the disturbance, annoyance and common nuisance of divers good citizens of said county, who then and there resided, and did business within the immediate neighborhood of said house, and within sight, contrary," etc.

In the information, the residence of "the divers good citizens" is stated somewhat differently. It is therein stated that they lived and did business within sight and hearing of said house.

Upon the affidavit and information, appellant was found

guilty, fined forty-four dollars, and his license forfeited. Very many alleged errors are discussed with much earnestness by his counsel, but, as we have reached the conclusion that the judgment must be reversed on account of an erroneous instruction, it will not be necessary for us to decide other questions. It will be observed that it is averred in the affidavit and information, that appellant was licensed to sell intoxicating liquors in the house alleged to have been kept in a disorderly manner. When it is sought to forfeit such license under the statute above set out, it is necessary to aver the existence of the license in the indictment, or affidavit and information. *Davis* v. *State*, 52 Ind. 488.

In one of the instructions, the trial court charged the jury that if they found the defendant guilty they should assess his fine at not not less than $10, nor more than $100, and declare his license forfeited. Instruction number two given to the jury is as follows: "The information charges, among other things, that the defendant was licensed to sell spiritous, vinous and malt liquors, in a less quantity than a quart at a time, to be drank on the premises where sold. This is not a material allegation in the information, in the sense that the State is required to prove it, and the State, therefore, is not required to prove that allegation." This instruction, we think, is clearly erroneous, in view of the nature of the prosecution and the other instructions given.

The existence of such license is an affirmative fact necessarily averred, and necessary to be proven in some way, by some one, when a forfeiture is asked. There is no presumption to take the place of such proof, and surely it can not be expected that the jury shall render a verdict without evidence, or that the accused shall produce evidence to establish a material and affirmative averment in the indictment. We are not informed of the theory upon which the court below based this instruction; probably upon the cases of selling liquor without license, in which it has been held that the State need not prove the negative averment that the accused has no license.

The grounds of these rulings are, that the averments are negative facts, peculiarly within the knowledge of the defendant, and difficult of proof by the State. *Shearer* v. *State,* 7 Blackf. 99 ; *Goodwin* v. *Smith,* 72 Ind. 113 (37 Am. R. 144). This can not be said of the case under discussion.   Here the averment is affirmative, and of easy proof by the records of the county.   The general rule is that whenever there is a plea of not guilty, as in this case, every substantial affirmative allegation in the indictment, material to the constitution of the offence, must be made good by the prosecution.   1 Whart. Crim. Law, section 592 ; 1 Bishop Crim. Proc., sections 1056 and 1057 ;  *Commonwealth* v. *McKie,* 1 Gray, 61 ; *Lafayette, etc., R. R. Co.* v. *Ehman,* 30 Ind. 83.

Section 8 of the act of March 5th, 1859, as amended in 1865, Acts 1865, Spec. Sess., p. 197, made it unlawful for any person having a license to sell intoxicating liquors on Sunday. In a case under this statute, this court held that the State was bound to make good the averment of such license, and reversed the judgment for want of sufficient evidence.   *Schlict* v. *State,* 31 Ind. 246.

It follows from what we have said that the trial court erred in overruling appellant's motion for a new trial.

The judgment is therefore reversed, with instructions to the court below to sustain the motion for a new trial.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.