## Fish et al. v. Glover.

1.  DEBTOR AND CREDITOR—*Change of Relations.*—A debtor can not, by a sale and conveyance of the property he has pledged as security for his debts, change his relation to his creditor. As between him and a third party, who has undertaken to pay his debt, he may become a mere surety, but as between him and his creditor he remains a principal.

2.  DEBTOR AND CREDITOR—*Right of Party Purchasing Equity of Redemption.*—As between a debtor and a party who, upon purchase of an equity of redemption in a thing pledged, contracts to pay the debt, this purchaser and the pledgee stand as security; but the obligation of the original debtor to the creditor remains unchanged. In such case the original debtor can pay the debt and then proceed against both the pledgee and the surety.

3.  JUDGMENTS—*Entered in Term Time.—Presumption.*—A judgment entered in term time is presumed to have been rendered upon sufficient evidence.

4.  SURETY—*Notice to Bring Suit—To Whom the Law Does Not Apply.* —Sec. 1 of Chap. 132, R. S., entitled "*Sureties*," providing that when any person bound as surety for another for the payment of money apprehends that his principal is likely to become insolvent or to remove from the State without discharging the contract, if a right of action has accrued on the contract, he may, by writing, require the creditor forthwith to sue upon the same, does not apply to cases where the debtor secures his debt by a mortgage upon real estate and then sells the mortgaged property to another who assumes and agrees to pay the mortgage indebtedness.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

### STATEMENT OF THE CASE.

On the 20th day of November, 1889, appellee loaned to appellants the sum of $8,000, taking their note for the same, and as security therefor, a trust deed by them executed to one Otis R. Glover, of certain mining property land, together with machinery, etc., thereon.

Fish v. Glover.

On the 20th of May, 1890, appellants sold and conveyed their entire interest in the said mining property to one Thompson, who, by the terms of the deed of conveyance assumed and agreed to pay the said mortgage indebtedness. Appellee, upon being notified of this sale and of the assumption of the indebtedness by Thompson, replied "All right."

On the 25th of November, 1890, the agent of appellee presented the note to appellants for payment; they thereupon informed him that machinery, etc., connected with the mine, had been levied upon under writs of attachment, and they asked appellee to foreclose his mortgage in order to protect the property and prevent a sale and removal of the same under said levies; and Mr. Young, agent of appellee, promised that if this were done he, Young, would, at foreclosure sale, buy the property, and would pay the full amount of the indebtedness and all the costs of foreclosure.

December 12, 1890, appellants served written notice upon appellee, requesting him to foreclose his mortgage, and that unless he did so they would claim the benefit of all legal rights to which, as sureties for the payment of said mortgage indebtedness, they might be entitled.

Appellee did not foreclose his mortgage, and certain machinery, etc., was removed from the mining lands and sold under said levies, so that the mortgaged property, originally worth $10,000, thus denuded, was worth only $2,000.

Judgment by confession having been entered upon the note, appellants obtained leave to plead to the action, and upon trial before a jury, the above facts appearing, the court excluded all the evidence from the jury and directed a verdict for the plaintiff, and thereafter an order was made that the judgment of $8,578, entered November 25, 1890, stand.

APPELLANTS' BRIEF, C. W. GREENFIELD, ATTORNEY; D. J. SCHUYLER AND F. W. YOUNG, OF COUNSEL.

As between themselves, the grantee of mortgaged property who assumes the mortgage debt, becomes the principal debtor, and the grantor the surety for the payment of the debt. Flagg v. Gillmacker, 98 Ill. 293; Dean, use, etc.,

v. Walker, 107 Ill. 540; Ellis v. Johnson, 96 Ind. 281; Comstock v. Drohan, 71 Va. 395; George v. Andrews, 60 Md. 28.

And when notice thereof is given to the mortgagee by the mortgagor, the mortgagee is bound by the relation. Jones on Mortgages, Sec. 1226; Colgrove v. Tallman, 67 N. Y. 96; Russell v. Weinberg, 4 Abb. N. C. (N. Y.) 143; Remsen v. Beekman, 25 N. Y. 555.

Moreover, the mortgaged property becomes the primary fund for the payment of the debt. Comstock v. Drohan, 71 Ill. 912; Jones on Mortgages, Secs. 740, 741; Lilly v. Palmer, 51 Ill. 332; Drury v. Holden, 121 Ill. 130.

And the mortgagor is only secondarily liable. Tripp v. Vincent, 3 Barb. Ch. (N. Y.) 615.

And a release of the grantor or original debtor by the mortgagee does not discharge or affect the liability of such grantee. Ellis v. Johnson, 96 Ind. 381; Tripp v. Vincent, 3 Barb. Ch. (N. Y.) 615.

Appellee, having notice of the intention of appellants to convey the property to one who would assume the payment of the mortgage at the time the loan was made, was bound to accept and be governed by the relation of suretyship when that relation was created, and he made aware thereof. Payne v. Webster, 19 Ill. 104; Brandt on Suretyship, Sec. 29; Flynn v. Mudd, 27 Ill. 323; Kennedy v. Evans, 31 Ill. 258; Trustee of Schools v. Southard, 31 Ill. App. 359; Grafton Bank v. Kent, 4 N. H. 221; Kelley v. Gillespie, 12 Ia. 55.

Right of the surety to discharge does not depend on contract with the creditor. Pooly v. Harradine, 7 Ell. and Bl. 421.

A grantee assuming a mortgage debt and agreeing to pay the same is personably liable, and a personal action may be brought. Rapp v. Stoner, 104 Ill. 618; Dean v. Walker, 107 Ill. 540.

APPELLEE'S BRIEF, GURLEY & WOOD, ATTORNEYS.

A mortgage is but an incident of the debt. The debt is the principal thing. Ryan v. Dunlap, 17 Ill. 40; Lucas v.

Harris, 20 Ill. 165; Vansant v. Allmon, 23 Ill. 30; Vogle v. Ripper, 34 Ill. 100; Wayman v. Cochran, 35 Ill. 152; Delano v. Bennett, 90 Ill. 533; Dayton v. Dayton, 7 Ill. App. 136; Shifferstein v. Allison, 24 Ill. App. 294.

The lien as between the parties can be destroyed only by payment or discharge of the debt, or by a release of the mortgage. Flower v. Elwood, 66 Ill. 438.

The creditor may pay the debt and be subrogated. James v. Day et al., 37 Ia. 164; Marsh v. Pike et al., 1 Sandf. Ch., 210; Brandt on Suretyship, Sec. 37, and cases cited; Taylor v. Beck, 13 Ill. 376.

A mortgagee may treat mortgagor and his grantee as principal debtors. No novation unless mortgagee has released debtor and accepted his grantee. The mortgagee's rights remain unchanged by the transfer of the property mortgaged. Jones on Mortgages, Secs. 741, 742; Sheperd v. May, 115 U. S. 505; James v. Day et al., 37 Ia. 164, and cases cited.

Marshaling of assets does not apply as between debtor and creditor. Rogers v. Myers, 68 Ill. 92; Plain v. Roth, 107 Ill. 588; Boone v. Clark, 129 Ill. 466; Miller v. Cook, 135 Ill. 190.

Mr. Justice Waterman delivered the opinion of the Court.

As stated by counsel for appellants, " The defense to this suit is based entirely upon the proposition that at the time the note upon which the suit is brought matured and became payable, the appellants were sureties only for the payment of the debt, and the failure and refusal of appellee to recognize this right, and his refusal to foreclose the mortgage and take possession of and protect the property when the property was sufficient to pay the debt; and, further, because of the refusal of appellee to bring any suit at all in accordance with the statutory notice served on December 12, 1890, appellants have become wholly released and discharged."

This position of the defendants in effect is, that a debtor can at any time, without the consent of his creditor, convert himself from a principal, bound to pay in all events, into a

mere surety, responsible only for a failure of his creditor to realize, as far as by diligence he can, out of security the amount of his debt.

In other words, that a debtor of his own accord may vary the terms of his contract.

That this can not be done, is so plain as to make discussion almost superfluous.

Appellants borrowed money and gave their absolute, unconditional note therefor. The fact that therewith, to secure the same, they executed a trust deed upon their property, did not impair or lessen the obligation imposed by their note.

The surety given was for appellee's benefit, not theirs, and if he has seen fit not to foreclose upon his security, but to rely entirely upon their promise, he has merely sought to enforce their unqualified obligation.

A debtor can not, by a sale and conveyance of the property he has pledged as security for his debt, change his relation to his creditor; as between himself and a third party, who has undertaken to pay his debt, he may become a mere surety, but as between himself and his creditor, he remains a principal. James v. Day et al., 37 Iowa, 164; Corbett v. Waterman, 11 Iowa, 86; Massie v. Mann, 17 Iowa, 132–135; Marsh v. Pike, 1 Sandf. Ch. 210; Waters v. Hubbard, 44 Conn. 340.

As between the debtor and the party who, upon purchase of the equity of redemption in the thing pledged, has contracted to pay the debt, such purchaser and the pledgee stand as security; but the obligation of the original debtor to his creditor remains unchanged. Marsh v. Pike, *supra;* Jumel v. Jumel, 7 Paige Ch. 591; Dean v. Walker, 107 Ill. 540; Shepard v. May, 115 U. S. 505; Jones on Morts., Sec. 742 a.

In such case the original debtor can pay the debt and then proceed against both the pledgee and the surety. Brandt on Suretyship, Sec. 37; Taylor v. Beck, 13 Ill. 376–387; Ayers v. Dixon, 78 N. Y. 318; Eddy v. Trover, 6 Paige Ch. 521; Kane v. The State, 78 Ind. 103–107–108; 1 Story's Eq. Juris., Sec. 327–639.

Counsel for appellants urge that when the loan was made appellee knew that a sale of the property was contemplated to one who would assume the incumbrance thereon, and become the principal in respect thereto; and that appellee was, therefore, bound to observe all the duties which a knowledge of such changed relation required.

Whatever negotiations there were between appellants and appellee prior to the making of the note and mortgage, were merged in those instruments; the writings express the relation and rights of the parties. Moreover, the party to whom it was represented appellants would sell the property did not become its purchaser, or assume payment of the obligation of appellants.

In reference to section 1 of chapter 132 of the Revised Statutes of this State, it is sufficient to say that appellants, as between themselves and appellee, never became mere sureties, but remain, as they undertook to be, principals.

It is urged that the bill of exceptions fails to show that the note upon which, in open court, judgment was entered, was introduced in evidence when appellants were allowed to file pleas and have the cause tried upon its merits. The bill of exceptions does show that a certified copy of the note was before the court upon the trial, and that such copy was, by consent of appellants, introduced in evidence in the place of the original, and that testimony concerning it was given from which its date, amount, maturity, interest and makers clearly appear.

The trust deed was also introduced in evidence, and its execution by appellants proven; upon its recitals judgment might be had.

The judgment entered in term time is presumed to have been rendered upon sufficient evidence.

The warrant of attorney filed with the note when the judgment was confessed, authorized a confession for the amount of the note, and an attorney's fee of five hundred dollars. Only two hundred and fifty dollars for attorney's fees was included in the judgment.

The propriety of such allowance and the sufficiency of the

evidence to warrant it, must be presumed to have been passed upon when the judgment was entered.

No specific objection to the amount of the judgment was made in the court below; and nothing appears in the record showing that the amount of attorney's fees allowed by the Circuit Court was excessive or unwarranted.

Appellants have not shown that the judgment entered against them was in any respect unjust, while it does appear to have been fully warranted by the papers filed and the actual relation of the parties.

The order of court that the judgment entered, stand, is affirmed.