SHEARER *v.* THE STATE.

On an indictment for selling spirituous liquors without license, the prosecutor need not prove that the defendant had no license.

ERROR to the *Noble* Circuit Court.

BLACKFORD, J.—This was an indictment against *Shearer* for selling spirituous liquors without license contrary to the statute. Plea, not guilty. Verdict and judgment for the state.

It was not proved on the trial that the defendant had no license to sell spirituous liquors; and the Court instructed the jury that such evidence, on the part of the state, was unnecessary.

There is no error in this charge. Whether the negative averment in the indictment, that the defendant had no license, was true or not, was a matter peculiarly within the knowledge of the defendant, and the *onus probandi* on the subject, therefore, lay upon him. This is one of the cases where a material averment in an indictment need not be proved by the prosecutor, on account of the great difficulty of proving it, when, if not true, it may be so easily disproved by the defendant. And this doctrine accords with the general rule, that the affirmative of any fact stated is to be proved. The opinion of the Circuit Court is sustained by many authorities. *Turner's case*, 5 Maule & Selw. 206.—*Apothecaries' Company* v. *Bentley*, 1 Carr. & Payne, 538.—Roscoe's Crim. Ev. 56.—Arch. Crim. Plead. 98. In an information for selling ale without a license, the only evidence given was that the party sold ale, and no proof was offered of his selling it without a license; the party being convicted, it was held that the conviction was right, for that the informer was not bound to sustain in evidence the negative averment. It was said by *Abbott*, C. J., that the party thus called on to answer for an offence against the excise laws, sustains not the slight-

May Term, 1844.

est inconvenience from the general rule, for he can immediately produce his license; whereas if the case is taken the other way, the informer is put to considerable inconvenience. *Harrison's case*, Paley on Convictions, 45 n., cited in Roscoe on Crim. Ev. 56. That case is in point; and so is *Gening* v. *The State*, 1 M'Cord, 573.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Wallace*, for the plaintiff.

*A. A. Hammond*, for the state.