## ULAND, Guardian, *v.* CARTER and Others.

AMENDMENT.—*Entry Nunc Pro Tunc.*—*Guardian's Sale.*—Motion in the court of common pleas by a guardian for an entry *nunc pro tunc*, after five years, in the record of a proceeding brought by him in said court for the sale of certain real estate of his ward, so that said record would show the filing of an additional bond by the guardian, the order of sale, the deed, and approval thereof, these portions of the proceeding not being shown by the record. On appeal, the Supreme Court, upon the evidence, showing cotemporaneous data, consisting of papers in the case by which to amend the record in these particulars, ordered the court below to make said entry.

SAME.—On such a motion the court cannot decide upon the validity of the title under such guardian's sale, but can only order the entry to be made, or refuse it.

APPEAL from the Greene Common Pleas.

DOWNEY, J.—The appellant, at the January term, 1870, of the common pleas, filed in said court a written motion, representing that at the January term, 1865, of said court, he,

as guardian of Elizabeth Uland, Cary Uland, Eliza Uland, John Uland, and Clementina Uland, filed a petition to sell the interest of said wards in certain real estate described in said motion; that upon the filing of said petition, the court appointed appraisers to appraise said land, who, after being sworn, reported their appraisement to the court, and thereupon the court required said guardian to execute an additional bond with sufficient freehold surety, which said guardian did, and said bond was approved by the court and filed; that thereupon said court ordered said lands to be sold at private sale for cash in hand without notice; that at said term of said court, said guardian sold said land to Michael Tubby, and reported said sale to said court, and said sale was confirmed by said court, and said court ordered said guardian to execute to said purchaser a deed for the same, which was executed by said guardian and reported to said court, and said court examined and approved the same; and said deed with the indorsement of the clerk and judge of said court thereon are made part of the motion.

Whereupon he moved the court for an entry, *nunc pro tunc*, in said case, showing the filing of said bond, the order of sale, the report of sale, and deed, and approval thereof, the record in said cause as it then stood not showing said orders.

The defendants, having been notified, appeared, and the matter was, by agreement, submitted to the court for trial. The court, without any request, found specially, first, the filing of the petition on the 17th day of January, 1865, setting out the petition; second, that on the 20th day of January, 1865, the petition was submitted to the court for hearing, and the court appointed appraisers; that on the same day the appraisers made their report, setting the same out; third, that on the same day the guardian filed with the clerk his additional bond, which is also set out, marked approved *by the court* on the same day; that on the same day the guardian filed with the clerk of said court the deed, which is also set out, and which recites the filing of the petition, the appointment of the appraisers, the return of the appraisement, the or-

der of the court to sell at private sale for cash in hand, the sale to Tubby at private sale for the appraisement, the confirmation of the sale, and order for the execution of the deed. This deed was acknowledged by the guardian in *open court*, and certified by the clerk. It was also indorsed, " examined and approved in open court, January 20th, 1865," and signed by the judge.

The judge further states in his finding, that the records or minutes of said court do not show that there was an order made for the sale of said land, nor for the filing of the above named bond, a report of the sale of said lands, or the filing of said deed, but said deed was indorsed by the judge as above.

The judge then says, " Upon the foregoing facts, the court comes to the following conclusions of law: That the sale was illegal and void, for the reasons that no order was ever made by the court for the sale of said land, and that no notice was ever given of such sale as required by law in force at the time of such sale. The court therefore refuses to correct the record as required in the motion of the plaintiff, and finds for the defendant."

There was a motion for a new trial overruled. The evidence is set out in a bill of exceptions, and consists of the petition, order of the court appointing the appraisers, appraisement nineteen hundred and eighty dollars, the additional bond, the deed and indorsements on the same; also the affidavits of James Uland and E. E. Rose, stating that after the filing of the appraisement, the guardian filed an additional bond, that thereupon the court ordered the sale of the land at private sale, without notice; that the guardian sold the same in pursuance of the order, reported the sale, and was ordered to make the deed, which he accordingly did, and which was examined and approved by the court.

We think the judgment of the court ought to be reversed. The court had but one thing to do, either to direct the entry to be made, or to refuse it. The court was not called upon

Uland, Guardian, *v.* Carter and Others.

.to decide the question with reference to the title to the land, whether it was good or bad.

That part of the court's finding in which it states that the records or minutes do not show that there was an order of sale, nor for the filing of the bond, report of the sale of the land, or the filing of the deed, is simply a repetition of the defects in the record mentioned in the motion, and which it was desired to supply.

Having the evidence before us, if we exclude the affidavits used and set out in the bill of exceptions, which we need not do, for they were not objected to in the common pleas, we think it sufficiently appears therefrom that the bond was filed and approved by the court, for it is so certified at the bottom of the bond. Also, that the order of sale was made at private sale, for cash; the sale made; reported to, and approved by, the court; and deed ordered made; for all these are recited in the deed which the judge certifies he had " examined and approved in open court;" also that the deed was so reported, examined, and approved. We think it should not be stated in the entry that the sale was to be made without notice. None of the papers show that such an order was made, nor, perhaps, did any law authorize it. 2 G. & H. 572, secs. 19 and 22; 3 Stat. of Ind. 139, secs. 1, 2. But whether such notice was necessary to the validity of the sale or not, we do not decide.

In this case, the petition was filed on the 17th of January, 1865. All the other steps took place on the 20th day of January, 1865, and were simultaneous acts. According to the authorities cited in *Makepeace* v. *Lukens,* 27 Ind. 435, amendments are allowed only when the case is within the reach of some statute, or where there is something to amend by, that is, where there is some memorial paper, or other minute of the transaction in the case, from which what actually took place in the prior proceeding can be clearly ascertained and known. It is then said that in every case cited by Mr. Tidd, in his Practice, where amendments have been permitted under the English statutes, a subsequent paper, pleading, order or

proceeding, in the progress of the cause, has been corrected by something in the record or proceeding of a prior, *or at least equal,* date, with the matter in which the error is sought to be amended.

. The judgment is reversed, with costs, and the cause remanded, with directions to make the entry as prayed for in the motion, omitting the words "without notice."

BUSKIRK, J., having been of counsel, was absent.

*W. M. Franklin,* for appellant.

*S. H. Buskirk, J. R. Isenhour,* and *J. W. Baker,* for appellees.