## SCHOONOVER v. REED.

PRACTICE.—*Nunc Pro Tunc Entry of Time to File Bill of Exceptions.—Parol Evidence.*—Parol evidence alone is not sufficient to authorize a *nunc pro tunc* entry, after the expiration of the term, showing that time was granted in term time for the filing of a bill of exceptions.

SAME.—*Docket Entry.*—To authorize such an entry there must have been a minute on some docket or order book, made at the term, showing that time was duly granted.

SAME.—*Statement of Judge in Bill of Exceptions.—Record.*—A statement by the judge, in a bill of exceptions signed by him and filed after the expiration of the term, that time for the filing thereof had been granted, is not sufficient to authorize such entry, and such bill of exceptions forms no part of the record.

From the Warren Circuit Court.

*J. A. Stein, A. O. Behm, J. Park* and *G. O. Behm,* for appellant.

*J. McCabe,* for appellee.

PERKINS, J.—Application, in the Warren Circuit Court, for a *nunc pro tunc* entry in the record of a cause. Application refused. Appeal to this court. The facts are as follows: The cause of *Schoonover* v. *Reed,* which is numbered 4,252 in this court, was tried in the Warren Circuit Court, Indiana, on the fifteenth day of the November term, 1873, and judgment entered. The record does not show that any time was given in which to file a bill of exceptions. Further along in the record this entry appears:

"And afterwards, to wit, on the 2d day of February, 1874, said defendant filed in the office of the clerk of said court his bill of exceptions herein, which reads, " etc.

The bill concludes as follows:

"Thereupon the plaintiff remitted two hundred dollars of the verdict, and then the court overruled the defendant's motion for a new trial, to which action and decision of the court the defendant at the time excepted, and the court gave sixty days to file a bill of exceptions, prays an appeal to the Supreme Court, which is granted; and defendant

now presents his bill of exceptions within the time allowed by the court and asks that the same be signed and made part of the record, which is done accordingly.

"THOS. J. DAVIDSON."

This bill, it is admitted, was signed and filed after the expiration of the said November term of said court; but it is claimed that leave was given by the court at said term to file said bill within sixty days after the expiration of the term, and that the clerk omitted to enter the grant of leave upon the record. This was an application asking that the clerk be ordered by the court to make a *nunc pro tunc* entry of said grant of leave; and the question is, could the court make such order in this case, upon its particular facts? It was sought to be made upon parol evidence, there being no memoranda or memorandum upon any docket, or upon the order book, of said court, to aid or guide in making it. And the question is, could it be made upon such evidence alone? We have a series of decisions bearing upon the question, to which we turn our attention. In *M'Manus* v. *Richardson*, 8 Blackf. 100, it is said:

"The amendment proposed is, that the judgment be so altered as to be against M'Manus alone. We think the error in the entry of the judgment is shown by the proceedings previous to the judgment, to be a clerical one, and that it is therefore amendable." *Fite* v. *Doe*, 1 Blackf. 127, and *King* v. *Anthony*, 2 Blackf. 131, are cited. Perhaps the above can not properly be called a *nunc pro tunc* entry, but simply an amendment of a clerical error in the record, by what appeared in another part of the record, and where no ruling of the court had been omitted to be entered by the clerk, but it is analogous. See *Hamilton* v. *Burch*, 28 Ind. 233. In *Wilson* v. *Vance*, 55 Ind. 394, it is said:

"The office of a *nunc pro tunc* entry is to make a record of what was previously done, but not then entered; not to make an order, now for then, but to enter, now for then, an order previously made."

*Nunc pro tunc* entries may be necessary while the proceedings in the cause are *in fieri,* that is, before they have progressed to final judgment; or they may be required after final judgment has been rendered, and the term at which it was rendered has terminated. As to the former class, see 3 Bl. Com. 406. As to the latter class, they may be made upon evidence. In *Jenkins* v. *Long,* 23 Ind. 460, this is decided. We quote from the opinion in the case :

" 2. Was any evidence admissible, upon the hearing of the motion " (for the *nunc pro tunc* entry), " outside of the judgment sought to be amended? This question can receive only an affirmative answer. It would be in vain to seek relief against a clerical error, unless such error may be shown to exist; and the instances would be rare indeed in which the error would be apparent upon the face of the record itself. It is barely possible to imagine cases in which an inspection of the whole record would show that a clerical error, like the one in this case, had been committed. No question is before us, in this instance, as to the kind of evidence which would be sufficient to justify an amendment after the proceedings have ceased to be *in fieri,* and we are, therefore, not called upon to discuss that subject."

See *Boyd* v. *Blaisdell,* 15 Ind. 73, and cases cited. In *Makepeace* v. *Lukens,* 27 Ind. 435, it is decided, in a very elaborate opinion, that such *nunc pro tunc* entries can not be made upon parol evidence alone ; that they can only be made "where there is some memorial paper, or other minute of the transactions in the case," from which what occurred can be ascertained. In *Hamilton* v. *Burch,* 28 Ind. 233, the decision in *Makepeace* v. *Lukens* is approved.

In *Uland* v. *Carter,* 34 Ind. 344, the same doctrine is recognized as the law.

See *Hebel* v. *Scott,* 36 Ind. 226 ; *Latta* v. *Griffith,* 57 Ind. 329 ; *Buckner* v. *The State,* 56 Ind. 208, 210 ; *Long* v. *The State,* 56 Ind. 133.

In some courts in other States, such entries are allowed simply upon parol evidence. But, as it seems to be the settled law of this State that a *nunc pro tunc* entry of an order or judgment of a court can not be made upon such evidence alone, we think it the better course to adhere to the law as thus settled. One of these views of the law, being acted upon, may cause some rulings made by the court to be lost. The other may cause a greater number, that were never made, to be entered of record. When we look at the manner in which, under the statute, the proceedings of our courts are recorded and perpetuated, it would seem, in the absence of gross carelessness, that mistakes could hardly occur. The statute makes it the duty of the clerks of the several courts to " procure, at the expense of the county, all necessary judges', appearance, bar, judgment, and execution dockets, and final record books," etc.; and that officer is bound to make, keep and preserve the records of the proceedings of the courts. 2 R. S. 1876, p. 16, sec. 3.

The practice is, for the court to have a bench docket, and the clerk a minute docket and an order book. The court makes memoranda of its proceedings on its docket; the clerk does the same upon his minute docket; and the proceedings are then more fully entered in the order book, and are publicly read in open court, in the presence and hearing of the court, its officers, the parties, attorneys and bystanders who may be in attendance. It would seem, therefore, that the rule, that some memorandum or note of an order claimed to have been made by the court should be shown upon some of these dockets, was a safe and not an unreasonable one.

What we have said answers another question presented by the record, but not pressed in this case, viz.: Can the judge that tries a cause, in the record of which no entry of leave to file a bill of exceptions after the expiration of

the term appears, supply, in effect, such entry, by stating in the bill of exceptions made after the term, that such leave was given in the term? It answers it emphatically in the negative. That statement, when inserted in the bill of exceptions, becomes no proper part of such bill.

The leave given at the trial to file the bill of exceptions after the term is simply to file the bill after the term, which might, and necessarily would be, filed without such leave in the term, containing neither more nor less. The grant of leave therefore, to file the bill, should appear upon the record made at the time of the grant; and, where it does not so appear, a *nunc pro tunc* entry of such grant of leave can only be made, as we have seen, upon competent evidence that it was given in term by the court, and omitted to be entered of record. But if the judge, sixty or any other number of days after the expiration of the term, can insert, of his own volition, a binding statement that such leave was given, then he can, in effect, supply *nunc pro tunc* entries after the proceedings have ceased to be *in fieri*, without proof of any kind, which we have seen he can not do. See *Robinson* v. *Johnson*, 61 Ind. 535; *Boyd* v. *Blaisdell*, *supra*.

The circuit court did not err in refusing the order for a *nunc pro tunc* entry in this case.

The judgment is affirmed, with costs.