## YORK v. WEBSTER.

MALICIOUS PROSECUTION.—*Evidence.*—*Delay.*—*Dismissal of Prosecution.*— In an action for damages for malicious prosecution, the jury may consider, as tending to support the action, evidence of delay by the defendant in instituting the prosecution complained of, delay in bringing it to a trial after its institution, and the dismissal of the prosecution without a trial.

York *v.* Webster.

SUPREME COURT.—*New Trial.—Evidence.*—The Supreme Court will not grant a new trial merely because of the weakness of evidence tending to support the verdict.

From the Dearborn Circuit Court.

*H. D. McMullen* and *D. T. Downey,* for appellant.

*D. H. Stapp* and *W. H. Matthews,* for appellee.

NIBLACK, J.—This was a suit by Samuel Webster, against Frederick A. York, for an alleged malicious prosecution.

The complaint was in two paragraphs, each alleging that the defendant had maliciously, and without probable cause, filed his affidavit before a justice of the peace, charging the plaintiff with the crime of grand larceny, thereby causing the plaintiff's arrest on such charge.

A demurrer to each paragraph was overruled, and the defendant answered in general denial. A jury returned a verdict for the plaintiff for one hundred dollars in damages, and, notwithstanding a motion for a new trial, raising, amongst other things, the question of the sufficiency of the evidence to sustain the action, judgment was rendered upon the verdict, against the defendant.

Errors are assigned upon the overruling of the demurrer to both paragraphs of the complaint, and upon the refusal of the court to grant a new trial.

The record does not disclose the reservation of any exception to the decision of the court overruling the demurrer to the separate paragraphs of the complaint; consequently no question upon the sufficiency of the complaint is presented here.

At all events, following the cases of *Ruston* v. *Biddle,* 43 Ind., 515, and *Schoonover* v. *Reed,* 65 Ind. 313, we see no valid objection to the complaint.

From an examination of the evidence we can not say that, to our minds, a very strong case was made against the appellant, but circumstances were disclosed by the evidence which, we think, fairly tended to sustain the verdict.

Both an unusual delay in commencing the prosecution complained of, after the alleged commission of the larceny, and in bringing such prosecution to a trial after it was commenced, were apparently shown. It was also shown that the prosecution was eventually dismissed without a trial. These, in connection with other circumstances brought out by the evidence, evidently tended to sustain the action of the jury in returning a verdict for the appellee.

In this condition of the evidence, the well established practice of this court will not permit us to hold that the court below erred in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.