Goodwin *v.* Smith *et al.*

───◆●●◆───

No. 6522.

## GOODWIN *v.* SMITH ET AL.

LIQUOR LICENSE.—*Remonstrance.*—*Amendments.*—*Practice.*—Where a remonstrance against an application for a license to retail intoxicating liquors has been struck out by the court, and on leave of court an amended remonstrance is filed over the objection of petitioner, no question upon the ruling permitting the filing of such amended re--monstrance, can be raised in the Supreme Court, unless the rejected remonstrance is properly incorporated in a bill of exceptions.

SAME.—*Evidence.*—*Negative.*—*Burden of Proof.*—Whoever asserts a right dependent for its existence upon a negative, must establish the truth of the negative; and, when a person becomes an applicant for a license to retail intoxicating liquors, the burden is on him to prove that he is not in the habit of becoming intoxicated, and is a fit person to sell intoxicating liquors.

BILL OF EXCEPTIONS.—General recitals in a bill of exceptions can not supply the place of material papers.

EXCEPTIONS.—*Practice.*—An exception must be reduced to writing at the time it is taken, or the court, at the time, must grant a specified time for reducing it to writing.

VOL. 72.—8

| | |
|---|---|
| 72 | 113 |
| 135 | 73 |
| 72 | 113 |
| 141 | 490 |
| 143 | 204 |
| 72 | 113 |
| 144 | 455 |
| 145 | 10 |
| 146 | 371 |
| 147 | 500 |
| 72 | 113 |
| 151 | 81 |
| 72 | 113 |
| 159 | 169 |
| 72 | 113 |
| 162 | 96 |
| 72 | 113 |
| 167 | 397 |
| 72 | 113 |
| f169 | 160 |
| 169 | 517 |
| 170 | 354 |

From the Wayne Circuit Court.

*D. W. Chambers*, *W. O. Barnard* and *F. W. Fitzhugh*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellees.

ELLIOTT, J.—The appellant applied to the board of commissioners of Henry county for a license to retail intoxicating liquors. License was refused. Appeal was taken to the Henry Circuit Court, and from that court change of venue was granted, upon the application of appellant, to the Wayne Circuit Court. Trial resulted in a verdict and judgment adverse to appellant's application.

Two errors are assigned, and in these words: "1st. The court erred in permitting the appellees to file their amended remonstrance; 2d. The court erred in overruling appellant's motion for a new trial."

The remonstrance filed in the commissioners' court was rejected upon motion of the appellant, and an amended one was afterward permitted to be filed. The appellant argues that the court erred in allowing the appellees to file an amended remonstrance. We are inclined to think that this was not error, at least not such error as would justify a reversal. In highway cases, the practice has uniformly been to permit such amendments, and we can see no reason why the same rule should not apply to the class of cases to which the one under discussion belongs. *Hedrick* v. *Hedrick*, 57 Ind. 78; *Little* v. *Thompson*, 24 Ind. 146. The record does not, however, properly present the question argued by counsel. The remonstrance rejected is not in the bill of exceptions. The only part of the bill which touches this question is as follows: "That after the court had sustained the plaintiff's motion to strike out the remonstrance filed in this cause, and after said remonstrance had been stricken out by the court, on the ground that the remonstrants were not voters of Henry county, the said remonstrants, by their at-

Goodwin *v.* Smith *et al.*

torneys, asked leave to file an amended remonstrance, to the filing of which the plaintiff at the time objected; but the court, over the objection of the plaintiff, permitted said remonstrants to file said remonstrance, to which applicant objected and excepted at the time.'' Under repeated decisions of this court, the bill is not sufficient to present the question of the ruling permitting the amendment. As the original remonstrance is not properly incorporated in the bill, we can not determine whether there was any material amendment. *Hiatt* v. *Renk*, 64 Ind. 590. General recitals can not supply the place of material papers. But, if we were to regard the original and amended remonstrance as properly in the record, we should still be compelled to hold that no question was properly saved. It does not appear that time was given to reduce the exception to writing, and it is well settled that an exception must either be reduced to writing at the time it is taken, or the court, at the time, must allow a specified time for reducing it to writing. The statute itself is explicit and positive. 2 R. S. 1876, p. 176, sec. 343.

The question as to the sufficiency of the amended remonstrance, although argued by counsel, is not before us. There was no motion or demurrer below questioning its sufficiency, and there is no assignment of error here presenting any such question.

The appellant's counsel argue that the motion for a new trial should have been sustained because of an alleged error in the instructions given the jury. The instruction, of which complaint is made, reads as follows: ''To entitle the applicant to a verdict in his favor, he must prove by a preponderance of the evidence, that he is a person not in the habit of becoming intoxicated, and that he is a fit person to sell intoxicating liquors.'' We think this instruction was correct. The act in force at the time of the application, and at the time of the trial, that of March 17th, 1875, declares that a license may be granted to an applicant who gives due

notice and files the proper bond, *"Provided,* Said applicant be a fit person to be entrusted with the sale of intoxicating. liquor, and if he be not in the habit of becoming intoxicated ; but in no case shall a license be granted to a person in the habit of becoming intoxicated." The language used is unusually emphatic. The repetition of the provision forbidding the issuing of a license to a person in the habit of becoming intoxicated emphasizes the intention of the Legislature to exclude all who are in the habit of becoming intoxicated. If these provisions stood alone, the fair inference from the language used would be, that the Legislature meant that the applicant should show himself to be one of the class of persons who, of right, may ask and receive a license. The general rule is, that one asking a right conferred by statute must show himself to be within the statute.

The clause prohibiting a certain class from receiving licenses is twice repeated, once in the negative form, "and if he be not in the habit of becoming intoxicated ;" again in the affirmative form, "but in no case shall a license be granted to a person in the habit of becoming intoxicated." The first proposition, although negative in form, is not of that character which relieves the petitioner from the burden and places it upon the objector. It is as easily proved as its affirmative converse ; for, by proving the converse, the applicant is a man of habitual temperance in the use of intoxicating liquors, the negative is established. Indeed, the formal negative is not, in that form, susceptible of proof. It is established by proving its affirmative opposite. But the mere form of a proposition does not change the rule as to the burden. Lord ABINGER said upon a like question : "Looking at these things according to common sense, we should consider what is the substantive fact to be made out, and on whom it lies to make it out. It is not so much the form of the issue which ought to be considered, as the substance and effect of it." *Soward* v. *Leggatt,* 7 C. & P. 613.

The formal negative proposition quoted is closely blended and interwoven with the affirmative one, "a fit person to be entrusted with the sale of intoxicating liquors," and we can not sever them so as to cast the burden of the affirmative on the petitioner, and that of the negative on his adversaries. The relations of the two are so intimate, and the language so emphatic, that it must be held that the burden of sustaining both propositions is upon the petitioner. If this be not the rule, then the commissioners would have no right to exact of the applicant any evidence at all, for it is now well settled that where a petitioner, or plaintiff, is compelled to give any evidence at all upon all of the material matters alleged in his petition or complaint, he has the burden; although the matters which the other side must establish be far the more weighty and more difficult of proof. Under the provisions of the statute, we should be bound to hold that the burden was on the applicant, even though in doing so we should go counter to some general rule of evidence obtaining in ordinary cases.

We invade no general rule of evidence, in affirming that the burden in such cases as the present is on the petitioner. The general rule, deducible from the authorities, may be thus stated: Whoever asserts a right dependent for its existence upon a negative, must establish the truth of the negative by a preponderance of the evidence. This must be the rule, or it must follow that rights, of which a negative forms an essential element, may be enforced without proof. This conclusion would be both illogical and unjust, and we are, therefore, authorized to infer the truth of its converse. Confusion has arisen from statements loosely made by text-writers, and sometimes by courts; but it will be found upon examination, that, wherever the question has been directly presented and considered with care, it has been uniformly held, that, wherever the petitioner's right depends upon the truth of a negative, upon him is cast the *onus probandi,*

except in cases where the matter is peculiarly within the knowledge of the adverse party. It is not because the proposition, that the defendant has no license to retail liquor, is a negative one, that the State, in prosecutions for violations of the liquor law, is excused from making proof thereof, but because the fact is one peculiarly within the knowledge of the accused. The case of *Shearer* v. *The State*, 7 Blackf. 99, puts the rule upon the ground that the matter is one peculiarly within the knowledge of the accused. An examination of the authorities there cited will show that the doctrine cannot be sustained upon any other ground. There are many cases declaring a doctrine different from that of our court as declared in *Shearer* v. *The State*. The conflict in the authorities is sharp, and it may be said of them, as it was said of the troops of some of the European nations, "that they fight on both sides." 1 Greenl. Ev., 13th ed., sec. 79, *n*; 1 Whart. Ev., sec. 368.

Among the cases applying the general rule, substantially as we have stated it, that, where a negative is essential to the existence of the right, the party claiming the right has the burden, are those holding, that, in actions for malicious prosecutions, the plaintiff must prove that there was no probable cause. *Smith* v. *Zent*, 59 Ind. 362; *Carey* v. *Sheets*, 67 Ind. 375; *Cummings* v. *Parks*, 2 Ind. 148; 2 Greenl. Ev., sec. 454. The same rule applies where the plaintiff sues for injuries arising from negligence in leaving dangerous excavations without protecting barriers; and it also applies in all cases where the claim is founded on a breach of duty in not repairing highways, for, in all such cases, a negative must be established. This is the rule in cases where the question is one of mutual negligence; the evidence must establish the negative proposition, that his own negligence did not proximately contribute. *Hale* v. *Smith*, 78 N. Y. 480; Shearman & Redf. Negligence, sec. 12. In *Nash* v. *Hall*, 4 Ind. 444, it was held, that, where a bill alleged that "the defendant

in the suit did not make a tender of a deed," the burden was on the plaintiff. In that case, it was said : "Where the plaintiff grounds his right of action on a negative allegation, the establishment of which is an essential element in his case, he is bound to prove it, though negative in its terms." The case of *Smith* v. *Bettger*, 68 Ind. 254, proceeds upon the same general doctrine ; for it is there held that one who relies upon the negative allegation, that a negotiable promissory note was not taken in payment of a precedent debt, must prove his allegation. Where the action is against a tenant, and the breach assigned is, that he did not repair, the *onus* is upon the plaintiff. *Doe* v. *Rowlands*, 9 C. & P. 734 ; *Belcher* v. *McIntosh*, 8 C. & P. 720 ; *Croft* v. *Lumley*, 6 H. L. C. 672. The rule under mention is as old as the case of *Berty* v. *Dormer*, 12 Mod. 526, where it was recognized and enforced by Ch. J. Holt. In *Conyers* v. *The State*, 15 Am. Rep. 686, it was held that the State, in a prosecution for suffering a minor to play a game of billiards, without the consent of his father, must prove the negative proposition, that the father did not consent. The Supreme Court of Illinois, in the case of *Beardstown* v. *Virginia*, 76 Ill. 34, 44, held that the burden of proving that a man was not a legal voter rested on the party asserting the proposition. Without commenting upon them, we cite, as sustaining the view we have taken, the following cases : *Williams* v. *The East India Co.*, 3 East, 192 ; *Sissons* v. *Dixon*, 5 B. & C. 758 ; *Rodwell* v. *Redge*, 1 C. & P. 220 ; *Ridgway* v. *Ewbank*, 2 Moody & R. 217 ; *Smith* v. *Davies*, 7 C. & P. 307. A familiar class of cases, in which, indeed, the rule is so often applied that its application suggests no thought of any general doctrine to the contrary, is that class represented by actions for a breach of warranty as to the soundness of some article of personal property. In this large class of cases, the unquestioned rule is, that the plaintiff must prove the negative proposition, that the thing warranted to be

sound was not sound.. Other illustrations of the recognition and enforcement of the rule, as stated by us, might be given, but we think it unnecessary to prolong this opinion by adding cases or illustrations.

It is to be observed, that we are not considering how much evidence is required, where the allegation sought to be established is a negative, but the question we are considering is, who must prove the negative? The party, by whom it is asserted in such a case as the present, is in a much better situation to establish the negative, than his adversaries are to establish its affirmative converse ; for his habits and his manner of life are better known to himself than to anybody else. He knows, better than any one else, those who are acquainted with his character and habits, and knows, therefore, where to obtain witnesses who possess the proper knowledge. It is no hardship to impose upon such a person the burden of proving a negative, upon which he grounds the right he asks the court to vindicate by its judgment.

Judgment affirmed, at costs of appellant.