The City of Indianapolis v. Kollman.

———————◆———————

No. 9052.

THE CITY OF INDIANAPOLIS v. KOLLMAN.

BILL OF EXCEPTIONS.—*Filing.*—When a bill of exceptions is signed in vacation, it will not be deemed a part of the record, unless it appear otherwise than by the bill itself, that time was given to prepare it.

FORMER ADJUDICATION.— *Verdict.*—*Evidence.*—*Special Findings.*--Complaint in two paragraphs to recover for personal injury, loss of service and

The City of Indianapolis v. Kollman.

expenses of care of plaintiff's wife in consequence of an accident caused by a defective alley of the defendant. Answer, 1. General denial. 2. To one paragraph of the complaint a former judgment, in a suit for the same cause, recovered by the plaintiff and wife against the defendant, which has been paid. Reply, 1. General denial. 2. That, on the trial of the former cause, the court excluded all evidence of the expenses of nursing and reasonable expenses of curing the wife, upon the objection that those matters were not sufficiently pleaded. General verdict for plaintiff, and a finding upon an interrogatory, that the former judgment was for injury to the plaintiff's horse, wagon and produce alone, but the result of the same accident.

*Held*, that the special finding was not within the issues, and did not enti- tle the defendant to judgment.

From the Marion Superior Court.

*J. A. Henry* and *M. B. Henry*, for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor*, for appellee.

Morris, C.—The appellee brought this suit against the City of Indianapolis to recover for nursing and medical attendance upon his wife, and for the loss of her services and society, resulting from injuries received by her through the alleged negligence of the appellant. The complaint consists of two paragraphs.

The first states, that on the 15th day of October, 1878, the wife of the appellee, Elizabeth Kollman, while driving a horse and wagon along one of the alleys of the appellant, which it was bound to keep in repair and safe condition, was, together with the horse and wagon, precipitated over a steep declivity on the margin of said alley, constructed by the city and left unguarded, without fault on her part, whereby his said wife was injured, and he was put to great expense in procuring proper nursing, medicine and medical attendance in and about the recovery of his said wife, to his damage $1,000.

The second paragraph is like the first, except that it states that, in consequence of the injury to his wife, he was deprived of her society and lost her services, to his damage, etc.

The appellant answered the complaint by a general denial, and also by a special paragraph, pleaded to the first paragraph.

of the complaint, alleging that the appellee and his wife, Elizabeth Kollman, on the —— day of ————, 1878, filed in the superior court of Marion county, Indiana, their complaint against the appellant, wherein they alleged, in substance and effect, the same matters pleaded in the first paragraph of the appellee's complaint, claiming particularly that the appellee had laid out and expended for nursing his said wife and for necessary physicians' bills, in attempting to cure her, the sum of $1,000, and for which, in addition to the other matters contained in said complaint, the plaintiff demanded judgment; that thereafter, issue being joined on said complaint, said cause was tried in said court and the plaintiffs in said action recovered a judgment against the appellant for $1,000 and the costs of the suit, which judgment was afterwards paid by the appellant. Wherefore the matters set forth in said first paragraph of the appellee's complaint had been adjudicated, etc.

To the second paragraph of the answer, the appellee demurred. The demurrer was overruled, and he replied in two paragraphs, the first being the general denial.

The second paragraph of the reply admitted that the appellee and his wife had filed their complaint as stated in the second paragraph of the answer, and that issue had been joined and a judgment recovered as stated in said answer, and that the same was afterwards paid by the appellant, but it averred that on the trial of said issue the plaintiffs in said action offered to prove the expenses incurred by the appellee in nursing his said wife and the reasonable physicians' bill in curing her, but that, upon the objection of the appellant that said matters were not properly pleaded, the court refused to permit the plaintiffs in said action to offer any proof as to such expenses, etc.

The issues being joined, the cause was submitted to a jury for trial, who returned a general verdict for the appellee, together with the following answers to the following interrogatories asked by the appellee:

"1. Were the matters sued for in this action sued for in the suit number 23,244, in this court, of *Kollman* v. *The City of Indianapolis?* Ans. No.

"2. Was not the suit number 23,244, of *Henry Kollman* v. *The City of Indianapolis,* for the horse and wagon and produce alone? Ans. Yes."

And also the following answers to the following interrogatories submitted to the jury by the appellant:

"1. Did not the matters sued for in cause number 23,244 of the superior court, in which Henry Kollman was plaintiff and the City of Indianapolis defendant, grow out of the same accident on account of which the plaintiff seeks to recover in this action? Ans. Yes.

"2. Was not the accident to the plaintiff's wife, by reason of which he seeks to recover in this action, caused at the same time that the plaintiff's horse, wagon and produce were injured, and for which he sued and recovered judgment against the city of Indianapolis for $60, in cause number 23,244 of the superior court of Marion county, Indiana, in which Henry Kollman was plaintiff and the City of Indianapolis was defendant? Ans. Yes."

The record then proceeds as follows: "Comes now the defendant, the City of Indianapolis, by her counsel, and files her motion for a new trial of this cause, in the words and figures following, viz.: (hereafter inserted in the bill of exceptions; see page 278, line 1, of this transcript.)

"The defendant, by counsel, also files her motion for judgment on the special findings of the jury herein, in the words and figures following, viz.: (inserted hereafter in the bill of exceptions; see page —— line —— of this transcript.)"

These motions were overruled by the court, and judgment rendered for the appellees.

The appellant appealed to the general term of said court, assigning errors as follows:

1. Because the complaint in said cause does not state facts sufficient to constitute a good cause of action.

2. The court at special term erred in overruling the appellant's motion for a new trial.

3. The court at special term erred in overruling the appellant's motion for judgment on the special findings of the jury, notwithstanding the general verdict in favor of the appellee, which was excepted to at the time.

The court in general term affirmed the judgment rendered at the special term. The error assigned here is the affirmance of the judgment rendered at the special term by the court in general term.

As the appellant does not question in argument the sufficiency of the complaint, its defects, if any, must be considered as waived. The counsel for the appellant say: "The principal and perhaps the only question of importance in the record is the question of former adjudication of the matters set forth in this action. This question is raised, 1st, by the motion for a new trial; 2d, by a motion for judgment *non obstante veredicto.*"

The motion for a new trial, as well as the motion for judgment notwithstanding the verdict, is found in what purports to be a bill of exceptions and a part of the record, and neither is found in any other part of the record.

It appears that final judgment was rendered at special term upon the verdict of the jury at the November term, 1879, and on the 22d day of November. The bill of exceptions appears to have been filed on the 19th day of December, 1879, that being the December term of said court. At the conclusion of the bill of exceptions is this statement: "And thirty days time *was* given the defendant in which to prepare and file her bill of exceptions."

The above is the only statement to be found in the record as to the giving of time by the court to prepare and file a bill of exceptions. Unless time was given for that purpose, the bill of exceptions in this case is unauthorized. If time was given, it must, in the very nature of things, have been given by the court before the preparation of the bill of exceptions, and, by

the terms of the statute, it must have been given by the court in term, and not by the judge in vacation.   And whether time was given in this case, must be determined by the record of the court made during the term at which the leave was given, and not by the recital of the fact in the bill of exceptions, signed by the judge in vacation or at a subsequent term.   It is not competent for the judge to make up the record of what was done in court by recitals in a bill of exceptions, except when authorized by statute so to do.

In the case of *Nye* v. *Lewis*, 65 Ind. 326, the court says: "The Legislature never contemplated that the court or judge should assume to insert in the bill of exceptions, where it is signed after the term, that leave was given at the term to file the same after the term." The court further says: "And, where the record fails to show the grant of such special leave, the judge has no jurisdiction or power to sign a bill after the expiration of the term." *Schoonover* v. *Reed*, 65 Ind. 313; *Goodwin* v. *Smith*, 72 Ind. 113; *Applegate* v. *White, ante*, p. 413.

The record, aside from the bill of exceptions, not showing that leave was given to file it after the term, it can not be regarded as a part of the record.   And as the motion for a new trial and the motion for judgment *non obstante* are found only in the bill of exceptions, and not in the record, it would seem that no question is before this court for decision.   But were we to regard these motions as a part of the record, we should reach the same result.

The argument of the appellant is, that the injury to the horse, wagon and produce of the appellee, and the injury to his wife, whereby he incurred expense, loss of service and the society of his wife, resulting from one and the same accident, constituted but one cause of action; that the appellee could not divide this cause of action, and bring two suits upon it—one for the injury to the horse, wagon and produce, and the other for the loss of service, the society of the wife, and the expense incurred in curing her; and that, as the jury had found that the cause of action set forth in the complaint

grew out of the same accident which caused the injury to his horse, wagon and produce, and at the same time, for which he had previously recovered a judgment in an action instituted by him against the appellant, he can not maintain this action. Were the facts specially found by the jury within the issues joined in this case, we might be inclined to sustain the appellant's views—they are not without authority for their support.

But are the facts specially found by the jury within the issues? It will not be pretended that they are within the issues formed upon the second paragraph of the appellant's answer. Are they within the issue formed by the general denial of the complaint? The denial only puts in issue the facts stated in the complaint. It puts the plaintiff upon proof of the facts averred in his complaint. It authorizes proof, on the part of the defendant, of every fact which will disprove the averments of the complaint, and nothing more. As there was no averment in the complaint in regard to any recovery by the appellee for the injury to his horse, wagon or produce, neither party could introduce proof of such recovery to establish the fact that a judgment had been obtained by the appellee for any damages occasioned by such injury. The special findings of the jury were, therefore, outside of the issues, and can neither control the general verdict nor entitle the appellant to judgment upon them. We conclude that there was no error in overruling the motion of the appellant for judgment notwithstanding the general verdict.

As the evidence is not in the record, we can not say that there was error in the instructions given to the jury by the court. The evidence in the case might have been such as to render them entirely proper. The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.