Filed October 13, 1883.

---

No. 10,550.

JONES ET AL. *v.* JONES ET AL.

PRACTICE.—*Bill of Exceptions.*—That time was given for the preparation of a bill of exceptions must appear by the record, otherwise than in the bill itself, else the bill filed during vacation will not be available.

SAME.—*New Trial.—Partition.*—A motion for a new trial in partition, to be available, must be made during the term at which the finding was made or verdict rendered, except in special cases or by consent. R. S. 1881, sections 561, 1188.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard,* for appellants.

*H. D. Thompson* and *T. B. Orr,* for appellees.

MORRIS, C.—The appellant and her husband, Silas J. Jones, commenced this suit against the appellees to quiet their alleged title to the east half of the southeast quarter of section 26, township 18 north, of range 6 east, in Madison county, Indiana. It is alleged that James Jones died seized of the land in controversy in 1860, leaving surviving him his widow, Penina Jones, and, among other children and heirs, John L. B. Jones, the father of the appellees; that John L. B. Jones died after the said James Jones, largely in debt; that his interest in said real estate had been sold to pay his debts, and conveyed by the purchaser to the appellant Rebecca. It is also alleged that the widow, Penina Jones, had, under some misapprehension, conveyed her interest in said real estate, being one-third thereof, to the appellees, but that such conveyance had been set aside as fraudulent, etc.; that the same, having been recorded, constitutes a cloud upon the title of the appellant Rebecca. The prayer is that her title be quieted, etc.

The appellees were properly served with process and defaulted. It was shown that the appellees were minors, and Thomas B. Orr was appointed guardian *ad litem* for them by the court.

The guardian answered the complaint in two paragraphs, and also filed a cross complaint, alleging that the said James Jones died seized in fee of said real estate in 1860, leaving surviving him several children and the said Penina Jones, as his widow, who, as such, was the owner of one undivided third part of said real estate, which she subsequently conveyed to them; that they are each the owner of one-sixth of said

land, and asking that partition of the same be made and their interests set off to them in severalty.

The appellants replied to the answer of the appellees by a general denial. They also answered the cross complaint in three paragraphs, to which the appellees replied by denial.

The cause was submitted to the court for trial at its June term, 1882. The court found, in substance, that the appellant Rebecca Jones was the owner of the undivided two-thirds of said real estate; that her co-appellant and husband, Silas J. Jones, had no interest in said real estate, and that the appellees were the owners of one undivided third part of said real estate. The court further found that the appellant Rebecca, and the appellees held said real estate as tenants in common, and that partition of the same ought to be made. Judgments in favor of the appellant Rebecca for two-thirds, and in favor of the appellees for one-third, of said real estate, were entered; partition was ordered, and commissioners appointed.

At the October term, 1882, of said court, the commissioners filed their report, stating that said real estate was not divisible, and that partition of the same could not be made without injury to the owners.

The court approved the report of the commissioners, ordered the real estate to be sold, and appointed Elijah Williams a commissioner to sell the same.

The record states that the appellant Rebecca then moved the court for a new trial, on the grounds that the decision of the court was not sustained by sufficient evidence, was contrary to the evidence and contrary to law, and because the court erred in refusing to allow the appellant Silas J. Jones to testify as a witness for the appellant Rebecca. The motion was overruled.

On the 6th day of November, 1882, the record states that the appellants filed their bill of exceptions within the time given by the court. It is not stated when the time was given by the court, whether at the trial term or at a subsequent term.

The bill of exceptions sets out the report of the commissioners, that the real estate could not be divided, its approval by the court, the order for the sale of the land, and the appointment of a commissioner to sell, etc., and the motion for a new trial which does not appear elsewhere in the record.

It is also stated in the record that on the 26th day of July, 1882, the appellant filed what is called the first bill of exceptions, in which it is stated that the appellant Rebecca offered to prove certain facts by her co-appellant Silas J. Jones, but that he was not permitted to testify, on the ground that he, as her husband, was an incompetent witness for her.

A motion for a new trial is set out in this bill of exceptions, which motion does not elsewhere appear in the record, nor is it stated in the record that such a motion was ever filed, except that the bill of exceptions states that it was filed on the 21st day of June, 1882, being the —— judicial day of the June term, 1882, of the court.

The errors assigned are as follows:

1st. The court erred in overruling the motion for a new trial.

2d. The court erred in ordering the sale of said real estate.

The appellees insist that what is called the first bill of exceptions is not a part of the record. And in this we think they are right. The bill of exceptions was not filed in term, but in vacation, between the June and October terms, 1882, of the court. The trial was had at the June term of the court, 1882, and the record does not show that time was then given to file a bill of exceptions. The bill of exceptions contains this statement: " The plaintiff asked and the court granted sixty days to the plaintiff in which to make, prepare and have filed this bill of exceptions, and this bill of exceptions is made out, prepared and filed within the time so given by the court."

The bill of exceptions could be filed in vacation only upon the authority given by the court for the purpose when in session, and the authority thus given must appear by the record, not by the bill of exceptions. Without such authority the bill of exceptions is no part of the record, and nothing can

appear from it.   The judge can not make up the record by a bill of exceptions filed in vacation.   We think what is called the first bill of exceptions can not be regarded as a part of the record.   *Nye* v. *Lewis,* 65 Ind. 326 ; *Schoonover* v. *Reed,* 65 Ind. 313 ; *Goodwin* v. *Smith,* 72 Ind. 113 (37 Am. R. 144) ; *Applegate* v. *White,* 79 Ind. 413 ; *City of Indianapolis* v. *Kollman,* 79 Ind. 504.

The trial of the cause was had at the June term, 1882, of the court, and the finding then made and the judgment fixing the rights of the parties then rendered.   There was no motion for a new trial made at that term.   At the following October term, after the commissioners had made their report, the record shows that the appellant Rebecca made a motion for a new trial, which was overruled, and she excepted.

The appellees contend that this motion came too late ; that it was not filed by the agreement, express or implied, of the parties, and can not, therefore, be regarded as presenting any question to this court for decision.

Section 561, R. S. 1881, under which the trial in this case was had, is as follows :  " The application for a new trial may be made at any time during the term at which the verdict or decision is rendered ; and if the verdict or decision be rendered on the last day of the session of any court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned."

The word " decision," as used in the above section, means " finding."   *Christy* v. *Smith,* 80 Ind. 573.   The above section applies to partition suits as well as to others.   R. S. 1881, section 1188.

As the motion for a new trial was not made at the term at which the decision or finding of the court was made, it follows that no question as to a new trial is in the record.   A bill of exceptions containing the evidence, filed within the time granted by the court at its October term, 1882, is in the record, but, as there was no proper motion made for a new trial, it is altogether unavailing.

The commissioners appointed to make partition having reported that the land could not be divided without damage to the owners, there was no error in ordering the sale of the same. R. S. 1881, section 1199.

We think there is no available error in this record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.

Filed June 1, 1883. Petition for a rehearing overruled Oct. 19, 1883.