Engleman v. Arnold.

No. 13,536.

ENGLEMAN v. ARNOLD.

SUPREME COURT.—*Brief.*— *Waiver of Error.*—Error which is not discussed in the Supreme Court, in the brief of the party assigning it, is waived.

BILL OF EXCEPTIONS.—*Practice.*— *Vacation.*— *When May be Filed in.*—A bill of exceptions can only be filed in vacation, upon the authority given by the court for that purpose when in session, and such authority must appear by the record, and not by the bill of exceptions. Without such authority the bill of exceptions is no part of the record.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*T. G. Smith,* for appellee.

OLDS, J.—This was an action brought by the appellee against the appellant on two promissory notes and an open account; the notes were given in settlement of an account for merchandise.

There are two errors assigned:

1st. Error in overruling the demurrer of appellant to the second paragraph of the appellee's reply.

2d. Error in overruling the appellant's motion for a new trial.

The first error is not discussed by the attorneys for appellant in their brief, and no objection is pointed out to the second paragraph of reply, which was demurred to by appellant, hence no question in regard to the sufficiency of the paragraph of reply is raised here, it being waived by the failure of counsel for appellant to point out any objection. *Williams* v. *Nesbit,* 65 Ind. 171.

It is contended by counsel for appellee that no question is presented to this court on the overruling of the motion for a new trial, which is assigned as error, as the record shows

no exception to the ruling, and that the question is not properly presented by the bill of exceptions.

The record shows a trial and judgment, and the filing of a motion for a new trial. It does not show any ruling by the court on the motion for a new trial, nor does it show any exception, or any time given to file a bill of exceptions. Judgment was rendered on the 19th day of April, 1886, the same being the nineteenth judicial day of the March term, 1886, of said court, and on the following day a motion for a new trial was filed. Afterwards, on the 3d day of July, 1886, the bill of exceptions was signed and filed. In the bill of exceptions it is stated " that a motion for a new trial was filed and overruled, exceptions by appellant, then judg- ment was rendered against appellant, an appeal prayed and granted, and that appellant asked time to file a bill of ex- ceptions, which was granted, and ninety days' time given, and now, within the time, the bill is tendered and signed by the judge, and made a part of the record."

It has been repeatedly held by this court that a bill of exceptions can only be filed in vacation, upon the authority given by the court for that purpose when in session, and such authority must appear by the record, and not by the bill of exceptions; that without such authority the bill of exceptions is no part of the record. *Jones* v. *Jones,* 91 Ind. 72; *Applegate* v. *White,* 79 Ind. 413 ; *City of Indianapolis* v. *Kollman,* 79 Ind. 504; *Nye* v. *Lewis,* 65 Ind. 326 ; *Schoon- over* v. *Reed,* 65 Ind. 313; *Goodwin* v. *Smith,* 72 Ind. 113; *Benson* v. *Baldwin,* 108 Ind. 106.

The bill of exceptions in this case is not a part of the record, and therefore no question is presented on the ruling on the motion for a new trial.

Judgment affirmed, with costs.

Filed March 9, 1889.