McCabe, J.
The appellants sued the appellees to review a judgment. The circuit court sustained a demurrer to the complaint for review. This ruling is assigned as the only error complained of. The complaint to review is accompanied by what purports to be a transcript of the proceedings and judgment sought to be reviewed. The errors alleged to have been committed in that proceeding, leading to the judgment to be reviewed, are thus stated in the complaint for review: 1, “The conrt erred in permitting the defendant, Florence E. Stephenson, to testify as a *497 witness in said canse; 2, said court erred in overruling said plaintiff’s motion for a new trial in said cause.” The first specification is not an available error. It is a proper ground for a motion for a new trial, but not an assignment of error either on appeal from the judgment or a bill to review it. The ruling denying a new trial is the only error of law which it is alleged in the complaint to review, appears in the proceedings and judgment sought to be reviewed, and it is, only such errors of law as appear in the proceedings and judgment which constitute ground for review for such cause. Section 627, Burns’ R. S. 1891 (615, R. S. 1881). The admission of the testimony of Florence E. Stephenson is made one of the grounds of the motion for a new trial. The only other grounds specified in the motion for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law. To make any of these errors appear in the record of the proceedings and judgment sought to be reviewed the evidence must be in the record, and that requires a bill of exceptions incorporating it, so filed as to become a part of the record.
There is in the transcript accompanying'the complaint to review, what purports to be a bill of exceptions, purporting to contain at least a part of the evidence, and especially the testimony of Florence E. Stephenson and the objection to the admission thereof and the court’s ruling thereon. But it appears from such bill of exceptions that the trial- took place at the September term for 1891, on the 13th judicial day of said term, which was the 17th day of September of that year. The bill of exceptions was not filed in the clerk’s office until the 18th day of November, 1895, if the record even shows it was filed then. The record of that proceeding nowhere shows that time was given beyond the term in which to file such bill of excep *498 tions. The bill itself recites that ninety days time was given in which to file the same. But it has been fre-' quently held that such showing must be in the order book entry, and that it' cannot be shown by a recital in the bill of exceptions. Schoonover v. Reed, 65 Ind. 313; Nye, Assignee, v. Lewis, 65 Ind. 326; Sohn v. Gravel Road Co., 73 Ind. 77; Benson v. Baldwin, 108 Ind. 106; Engleman v. Arnold, 118 Ind. 81; Jones v. Jones, 91 Ind. 72; Applegate v. White, 79 Ind. 413; City of Indianapolis v. Kollman, 79 Ind. 504; Goodwin v. Smith, 72 Ind. 113.
Therefore, the alleged error does not appear in the record of the proceedings and judgment sought to be reviewed, and for that reason, if not for others, the complaint to review did not state facts sufficient to constitute a cause of action, hence the trial court did not err in sustaining the demurrer to the complaint for review.
Judgment affirmed.