## LAKE ERIE AND WESTERN RAILWAY COMPANY *v.* JUDAY.

[No. 3,010. Filed April 4, 1900.]

APPEAL AND ERROR.—*Motions.*—*Record.*—Where a motion for judgment on the answers to interrogatories was in writing, and the motion is not in the record, the action of the court in overruling the motion will not be reviewed on appeal, since the motion may have been overruled because of defects within itself. *pp. 470, 471.*

SAME.—*Bill of Exceptions.*—A bill of exceptions which was not filed during the term is not properly in the record, where it is not shown by order-book entry that time was given beyond the term to file the bill, although the bill itself recites that ninety days' time was given, and that the bill was filed within the time allowed. *pp. 471, 472.*

From the Madison Circuit Court.  *Affirmed.*

*W. E. Hackedorn, J. B. Cockrum, M. A. Chipman, S. M. Kellner* and *E. E. Hendee,* for appellant.

*T. Bagot, A. Ellison* and *C. K. Bagot,* for appellee.

Robinson, J.—Suit by appellee for damages for personal injuries. Appellee had judgment. This is the second appeal. *Lake Erie, etc., R. Co.* v. *Juday,* 19 Ind. App. 436. Appellant assigns that the court erred in overruling its motions for judgment on answers to interrogatories and for a new trial.

Appellee's counsel first argue that the record presents no question upon either specification of error. When the motion for judgment on the answers was overruled, an exception was taken, and ninety days' time given to file a bill of exceptions, but no bill was filed. It is not necessary that the action of the trial court in overruling a motion for judgment on the answers of the jury to interrogatories should be shown by bill of exceptions, although the question might be presented by a bill. An exception to such ruling presents the question without a bill. *Schaffner* v. *Kober,* 2 Ind. App. 409; *Frank* v. *Grimes,* 105 Ind. 346; *Terre Haute, etc., R. Co.* v. *Clark,* 73 Ind. 168; *Boots* v. *Griffiths,* 97 Ind. 241; *Redinbo* v. *Fretz,* 99 Ind. 458; *Campbell* v. *Dutch,* 36 Ind. 504; *Firemans Fund Ins. Co.* v. *Dunn,* 22 Ind. App. 332; Ewbank's Manual, §25.

Such motion may be oral or in writing. If a record entry shows the motion was made, and an exception taken to the court's ruling, the question is presented. *Salander* v. *Lockwood,* 66 Ind. 285. But in the case at bar it appears the motion was in writing, and the motion itself is not copied into the record. While the motion could have been made orally, yet, as it was made in writing, the writing must control. It may have contained something which made it proper to overrule it. In the absence of the motion itself, we can not presume that it did not. We can not review the

action of the trial court unless the exact question presented there is presented here. It is presumed that the action of the court in overruling the motion is right until the contrary is affirmatively shown. The motion may have been overruled because of defects within itself. To reverse the court's ruling we must presume that it had no such defects. This we can not do. We are asked to review a question without knowing what the precise question before the trial court was. It is our duty to presume that the court had good and sufficient reasons for overruling the motion until the record is made to show affirmatively the contrary. See *Aydelott* v. *Collings*, 144 Ind. 602; *McCutchen* v. *McCutchen*, 141 Ind. 697; Ewbank's Manual, §§5, 117, 198; Elliott's App. Proc. §§709, 710; *Conoway* v. *Weaver*, 1 Ind. 263; *Holding* v. *Smith*, 42 Ind. 536; *Comer* v. *Himes*, 49 Ind. 482; *Crowell* v. *City of Peru*, 41 Ind. 308.

It is further argued that the bill of exceptions containing the evidence is not properly in the record. A record entry shows that when the motion for judgment was overruled, an exception was taken, and ninety days given to file a bill of exceptions. After this was done the same entry shows the filing of a motion for a new trial "in these words, to wit." Then follows a series of instructions covering a number of pages of the record, and these are followed by a motion for a new trial. This motion was overruled, and judgment rendered, an appeal prayed and granted, and thirty days given to file an appeal bond. The judgment was rendered on the forty-seventh judicial day of the September term, 1898, of the Madison Circuit Court. No time was asked or given within which to file a bill of exceptions on the motion for a new trial. A bill of exceptions containing the evidence was filed on the thirty-second judicial day of the November term, 1898.

The motion for a new trial is in the record, but it appears that the bill of exceptions was not filed during the term, nor is there any record entry showing that time was given

beyond the term to file the bill. The bill itself recites that ninety days' time was given and that the bill was filed within the time allowed. But such recital is of no effect. It has been held often that time beyond the term for filing a bill must be shown by an order-book entry, and can not be shown by a recital in the bill itself. *Hancher* v. *Stephenson*, 147 Ind. 498; *City of Indianapolis* v. *Kollman*, 79 Ind. 504; *Nye* v. *Lewis*, 65 Ind. 326; *Applegate* v. *White*, 79 Ind. 413; *Greenup* v. *Crooks*, 50 Ind. 410; *Benson* v. *Baldwin*, 108 Ind. 106; *Engleman* v. *Arnold*, 118 Ind. 81; *Dehority* v. *Whitcomb*, 13 Ind. App. 558; *Jones* v. *Jones*, 91 Ind. 72; Ewbank's Manual, §31; *Wile* v. *Rochester Imp. Co., ante,* 422. Nor can the fact that time was given be shown by the record entry of the filing of the bill that such filing is within the time allowed. *DePauw University* v. *Smith*, 11 Ind. App. 313.

As the bill of exceptions containing the evidence is not in the record, the questions argued by counsel upon this specification of error are not presented.

Judgment affirmed.