## MIKESELL, ADMINISTRATOR, v. SOUTH BEND ELECTRIC COMPANY.

[No. 4,245.   Filed October 30, 1902.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Record.*—An order of court granting time beyond the term for presenting and filing a bill of exceptions must be set out on appeal by a record entry, and can not be effectively shown by the bill itself.   *p. 688.*

SAME.—*Interlocutory Order.*—*Record.*—An interlocutory order upon which an appeal is based must be shown by an entry of record, transcribed and certified by the clerk, and not merely by a recital of its substance in a bill of exceptions.   *pp. 688, 689.*

From St. Joseph Circuit Court;   *W. A. Funk,* Judge.

Action by Frank Mikesell, administrator of the estate of Chester Hess, deceased, against South Bend Electric Company for damages for the death of decedent.   From an interlocutory order suspending further action until the costs of a former suit were paid, plaintiff appeals.   *Appeal dismissed.*

*C. A. Davey* and *Adelbert Harriss,* for appellant.
*A. L. Brick* and *D. D. Bates,* for appellee.

BLACK, J.—The record before us shows the filing of the appellant's complaint, which is set out, for the recovery of damages for the death of his intestate through the alleged negligence of the defendant, the appellee.   Next after the complaint in the transcript is an entry of the filing by the plaintiff of his bill of exceptions on the 4th of February, 1901, being the first juridical day of the February term, 1901; and immediately following this entry is the bill of exceptions, after which is the clerk's final certificate to the transcript.   The clerk has not transcribed and certified any record entry of any judgment or order or of any proceedings, except as above indicated.   In the bill of exceptions there is a recital of an order as follows:   "Be it remembered that afterwards, and on the said 16th day of Novem-

ber, 1900, the same being the 11th juridical day of said term of said court [the November term, 1900,] and before the judge aforesaid, the following further proceedings were had in said cause, to wit: Issue being joined, parties by their attorneys appeared before said court, and after argument of counsel thereon and upon due consideration of said court, the court ordered and adjudged that said proceedings be suspended until the costs of the former suit are paid, and further ordered and adjudged that said costs must be paid on or before February 1, 1901, or said cause shall be dismissed; to which ruling the plaintiff then excepted and prayed an appeal from said ruling of said court to the Supreme Court of the State of Indiana, and at which time asked for sixty days' time in which to file bill of exceptions, which time was granted by said court." The matter thus referred to as having been tried, as indicated by preceding portions of the bill of exceptions, was a motion of the defendant, the appellee, for an order staying further proceedings and trial of this cause until the costs of a former action, voluntarily dismissed by the plaintiff, appellant herein, should be paid, and fixing a time within which said costs should be paid by the plaintiff, the appellant; which motion was heard, as so stated in the bill, upon affidavits of the contending parties.

There is nothing in the bill or elsewhere in the transcript indicating that any judgment or order was subsequently rendered or made, except that it is indicated in the bill that on the first day of the February term, 1901, the court, upon the mutual agreement of the parties, extended the time for filing the bill until the 5th day of February, 1901. The transcript of the record on appeal was filed in the Supreme Court on the 31st day of May, 1901. It is from the order staying proceedings so referred to in the bill of exceptions that the appellant has sought to appeal, and he has denominated it as a term-time appeal from an interlocutory order.

Passing by, as unnecessary to the disposal of the cause, the inquiry as to whether the order in question is such an interlocutory order as is contemplated by the statutory provision for appeals from interlocutory orders in certain specified instances, and also the question whether the appeal was perfected in the time required for appeals from interlocutory orders, we will confine our decision to certain objections to the condition of the transcript pointed out and insisted upon by counsel for the appellee. It is shown by the entry of record above mentioned that the bill of exceptions was filed after the term at which the order in question was made, as stated in the bill; but there is no record entry transcribed by the clerk showing the giving of time beyond the term for the presentation or filing of a bill of exceptions. The want of such record entry is sufficient to exclude the bill from the consideration of this court. The order granting time beyond the term for the completion of the bill must appear by an entry of record, and a statement in the bill itself that time was given is not sufficient. *Hancher* v. *Stephenson,* 147 Ind. 498; Ewbank's Manual, §§24, 33; Elliott's App. Proc., §801. As the original granting of time beyond the term could not be effectively shown by the bill itself, and as it was not shown by a record entry, and therefore did not appear, a judicial order for an extension of that time could not be shown adequately by a mere recital in the bill, though therein stated to have been made upon agreement of the parties. The judicial action of prescribing time beyond the term for a bill of exceptions should be shown outside the bill itself.

There is another reason why the question, whether or not the court exercised properly its discretion in staying the proceedings, can not be examined by us. All proper entries made by the clerk are, under the requirement of the statute, to be deemed parts of the record on appeal. §662 Burns 1901. If the order here in question be an interlocu-

tory order, from which an appeal would lie, it should be shown by an entry of record transcribed and certified by the clerk, and not merely by a recital of its substance or purport in a bill of exceptions. It certainly is part of the duty of the clerk to enter of record any order from which an appeal will lie, and to authenticate such entry by his certificate to the transcript for appeal. Such a proper entry is an essential part of the record, and the certification thereof is necessary to a complete and perfect transcript on appeal. *Gray* v. *Singer,* 137 Ind. 257; *Home Electric, etc., Co.* v. *Globe, etc., Paper Co.,* 146 Ind. 673, 681; *Bowen* v. *State,* 108 Ind. 411.

As the transcript does not properly show any judgment or order from which an appeal has been taken, the appeal is hereby dismissed.